501 A.2d 1116

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**John R. NEAL.**

Superior Court of Pennsylvania.

Argued March 5, 1985.

Filed Oct. 25, 1985.

Reargument Denied Jan. 3, 1986.

Garold E. Tennis, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Donald Bronstein, Assistant Public Defender, Philadelphia, for appellee.

Before ROWLEY, WATKINS and GEISZ *, JJ.

* The Honorable John A. Geisz, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

WATKINS, Judge:

This appeal comes to us from the Court of Common Pleas of Philadelphia County and involves a Commonwealth appeal from an order dismissing charges against the defendant, John R. Neal, due to a Rule 1100 violation.

A review of the record demonstrates that the defendant was not tried within 180 days of his arrest. The complaint against the defendant was filed on March 3, 1983. Thus, the original run date was August 30, 1983. However, the Commonwealth did not file its petition to extend the time in which to bring defendant to trial until December 29, 1983. Since the petition was not filed until after the "run date" the court below automatically denied the petition and discharged the defendant.

Further review of the record reveals beyond a shadow of a doubt that the Commonwealth exercised due diligence in attempting to bring defendant to trial. Initially, the defendant's preliminary hearing had been postponed for twelve (12) days due to the fact that he had failed to secure counsel. Thus, this twelve-day delay is attributable to the defendant.

The trial was first scheduled for May 11, 1983, but was not heard because the Public Defender's Office, by whom the defendant was being represented, informed the Court Administrator that the Public Defender's Office did not staff the court room in which the trial was to be held. Thus, this delay is also attributable to the "lack of availability" of the defendant's counsel. The case was again scheduled for trial on July 1, 1983 in another court room, but was again continued on a motion by the trial court due to the trial judge's attendance at a judicial conference. Trial was then scheduled for July 22, 1983 in Judge Maier's court room, but was not held because this was the court room not staffed by the Public Defender's Office, defendant's counsel. Trial was at that time set for October 4, 1983, but the defendant failed to appear resulting in the issuance of a bench warrant for defendant's arrest. On October 31, 1983, the bench warrant was withdrawn and trial set for Decem-

ber 29, 1983, the earliest possible date available. The Commonwealth then filed its Petition to Extend Time for Trial on December 29, 1983. A hearing thereon was held on that date after which the trial court denied the Commonwealth's petition and discharged the defendant. The Commonwealth then took this appeal alleging that it had exercised due diligence in attempting to bring defendant to trial and that the trial court's discharge of the defendant pursuant to Rule 1100 of the Pennsylvania Rules of Criminal Procedure was erroneous.

We agree that the Commonwealth exercised due diligence in attempting to bring the defendant to trial and that it was responsible for none of the delay in not trying the defendant within the 180-days after his arrest. Although the trial court appeared to agree with this contention, it discharged the defendant because the Commonwealth's Petition to Extend was not filed until after the original "run date" had expired.

The issue in the instant case is whether Rule 1100 mandates that charges brought against a defendant must be dismissed in cases where the Commonwealth does not file its petition to extend the time in which to bring defendant to trial until after the original "run date" even where it is plain from the record that the Commonwealth exercised due diligence in attempting to bring defendant to trial and was not responsible for any of the delay.

While "judicial delay" does not excuse the Commonwealth from filing its petition for extension of time, delay which is attributable to the defendant or his attorney does extend said period of time. In determining the period for commencement of trial there shall be excludable therefrom, inter alia, such period of delay at any stage of the proceedings as results from the unavailability of the defendant or his attorney. Pa.Rule Crim.Pro. 1100(d)(3)(i). All of the delay during the period from October 4, 1983 to December 29, 1983 was due to the defendant's "unavailability" occasioned by his failure to appear for trial on October 4, 1983. In addition, the defendant is charged with the twelve-

day delay in holding his preliminary hearing and was responsible for the delay for the period from May 11, 1983 until July 1, 1983 since his counsel was "unavailable" for trial which had been scheduled for May 11, 1983. The defendant was further responsible for the delay during the period of July 22, 1983 (when his counsel was again "unavailable") until October 4, 1983 when his trial was re-scheduled. Thus, the delay attributable to the defendant amounts to 213 days. The period from July 1, 1983 until July 22, 1983, a period of 21 days, is attributable to "judicial delay" because the court below had re-scheduled trial on his own motion. Therefore, said 21-day period, although chargeable to the Commonwealth for "due diligence" purposes, does not act to extend the time within which the Commonwealth can file its petition to extend. Since the original "run date" was August 30, 1983 and since 213 days are attributable to delays occasioned by the defendant or his counsel, the Commonwealth's Petition, filed on December 29, 1983, was timely. This is so because the period from the original "run date" until December 29, 1983 amounted to only 121 days and the defendant is responsible for 213 days of delay which extends the period for "commencement of trial" and therefore extends the period of time within which the Commonwealth had to file its petition to extend. See *Rule 1100(d)(3)(i)*. Thus, we are holding that "judicial delay", although not attributible to the Commonwealth, does not extend the time period in which the Commonwealth can file its petition to extend. However, delays occasioned by the defendant or his counsel to extend the period of time "for commencement of trial" and therefore extend the period of time in which the Commonwealth can file its petition to extend time. Since the Commonwealth in this case filed its petition prior to the expiration of the 213 days after the original "run date", the petition was timely filed and the court below erroneously discharged the defendant.

Order reversed and case remanded for trial. Jurisdiction relinquished.