509 A.2d 1313

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Brent Allen KIEHL, Appellee.**

Superior Court of Pennsylvania.

Argued March 5, 1985.

Filed June 2, 1986.

William M. Kern, District Attorney, Clarion, for Commonwealth, appellant.

David M. Speer, Clarion, for appellee.

Before OLSZEWSKI, HESTER and SHIOMOS,* JJ.

OLSZEWSKI, Judge: [1]

Appellee, Brent Allen Kiehl, was arrested February 19, 1983 and charged with driving under the influence of alcohol, a violation of section 3731(a)(1)(4) of the Pennsylvania Vehicle Code of 1976 as amended, 75 P.S. § 3731(a)(1)(4). Appellee filed a request for acceptance into Accelerated Rehabilitative Disposition (ARD). The district attorney summarily rejected appellee's request, citing none of the reasons set forth in the statute for excluding the defendant from the program but merely saying he was philosophically opposed to it. Appellee filed a rule to show cause and the lower court on its own motion admitted appellee to ARD. This appeal followed.

The sole question before us is "whether in a prosecution for driving (under the influence) under the Motor Vehicle Code, 75 Pa.C.S.A. 3731, a defendant may be admitted to Accelerated Rehabilitative Disposition (ARD) over the objection of the attorney for the Commonwealth." *Commonwealth v. Lutz*, 508 Pa. 297, 302, 495 A.2d 928, 930 (1985). This question was answered in the negative by our Supreme Court in *Commonwealth v. Lutz. Id.* In that case the Court stated:

> ... the decision to submit the case for ARD rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admission to ARD wholly, patently and without doubt unrelated to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender. *Compare Shade v. Commonwealth of Pennsylvania De-*

---

* Judge Thomas N. Shiomos, Senior Judge of the Court of Common Pleas of Philadelphia County, Pennsylvania is sitting by designation.

1. Case assigned to Judge Peter Paul Olszewski for opinion writing on May 20, 1986.

*partment of Transportation*, 394 F.Supp. 1237, 1242 (M.D.Pa.1975), citing *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962).

*Id.*, 508 Pa. at 310, 495 A.2d at 935.

Thus, while the district attorney has sole discretion to move for a defendant's admission into ARD, the prosecutor may not summarily reject a person from consideration for admission. The *Lutz* Court noted that in all of the cases before it, "the prosecutors (had) openly specified their reasons for not submitting the cases for ARD...." *Lutz*, 508 Pa. at 310, 495 A.2d at 934. For these reasons we reverse the order of the court below and remand this case for a hearing to allow the district attorney to openly specify the reasons for not submitting this case for ARD.

Reversed and remanded. Jurisdiction relinquished.