516 A.2d 1270

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Christine MOWRY.**

Superior Court of Pennsylvania.

Argued June 4, 1986.

Filed Oct. 28, 1986.

Ed Borkowski, Assistant District Attorney, Pittsburgh, for Com., appellant.

Melaine S. Rothey, Assistant Public Defender, Pittsburgh, for appellee.

Before ROWLEY, DEL SOLE, and CERCONE, JJ.

DEL SOLE, Judge:

Appellee, Christine Mowry, was arrested October 26, 1983, and charged with Prostitution, a violation of 18 Pa. C.S. § 5902. Appellee filed a rule to show cause why the instant action should not be deferred to Accelerated Rehabilitative Disposition (ARD). Appellee alleged she had been excluded from consideration for ARD solely because this is a prostitution case. It was asserted that the policy of the district attorney in excluding prostitution cases discriminated against women because while the vast majority of drunk drivers, car thieves and shoplifters who are placed into ARD are male, the vast majority of prostitutes are female and the policy thus violates the equal protection clause of the fourteenth amendment to the United States Constitution. Additionally, it was contended that the blanket exclusion of prostitution cases from ARD consideration was not supported by a rational basis and therefore Appellee had been denied equal protection of the law.

Following argument, the court on March 8, 1984 ordered that Appellee be considered for admission into ARD. The Commonwealth filed a motion for reconsideration which was denied after argument and the district attorney was again directed to consider Appellee for admission into the ARD program. The Commonwealth considered Appellee for admission, noted she had three prior convictions for Obstructing Traffic, and again determined that this action should not be deferred to ARD. On October 25, 1984 the court, over objection by the Commonwealth, offered Appellee admission into ARD. Appellee accepted the offer and the court entered an order placing her in the program.

The Commonwealth filed an application for Extraordinary Relief to the Supreme Court of Pennsylvania and also filed an appeal to this Court. On June 26, 1985, 508 Pa. 197, 494 A.2d 1392, our Supreme Court granted the Commonwealth's

request for exercise of plenary jurisdiction and entered an order reversing the October 25, 1984 order of the trial court and remanding the matter to the trial court for proceedings consistent with *Commonwealth v. Lutz*, 508 Pa. 297, 495 A.2d 928 (1985). On August 16, 1985, the appeal to this court was quashed in accordance with the Order of our Supreme Court.

On October 3, 1985 following hearing and argument, the trial court entered an order stating that the prior order of the court dated October 25, 1984, placing Appellee in the ARD program would remain in effect. The Commonwealth has appealed. Initially we note:

the decision to submit the case for ARD rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admission to ARD wholly, patently and without doubt unrelated to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit it for ARD consideration based on his view of what is most beneficial for society and the offender.

*Commonwealth v. Lutz*, 508 Pa. at 310, 495 A.2d at 935.

■ Further, "[b]ecause ARD is a pre-trial disposition, its governance lies at the discretion of the district attorney, not that of the court." *Commonwealth v. Burdge*, 345 Pa.Super. 187, 190, 497 A.2d 1367, 1368–69 (1985). The trial court found, "that in the instant case the District Attorney has indeed abused his discretion by rejecting the Defendant's request to be admitted to the program on the basis of his policy not to accept prostitutes into ARD." (Trial Court Opinion at 2). Clearly, "while the district attorney has sole discretion to move for a defendant's admission into ARD, the prosecutor may not summarily reject a person from consideration for admission." *Commonwealth v. Kiehl*, 353 Pa.Super. 353, 354, 509 A.2d 1313, 1313–14 (1986) (reversed and remanded for hearing to allow the district attorney to specify reasons for not submitting the case for

ARD). However, the decision not to submit a specific class of offenders for ARD is not necessarily an abuse of discretion. In *Commonwealth v. Roeder*, 353 Pa.Super. 137, 509 A.2d 373 (1986), it was said:

[t]he district attorney is provided discretion in administering the A.R.D. program. See Pa.Rule of Crim.Pro. 175, 176. We cannot conclude that his policy of refusing to permit offenders with a prior felony record into the program is an abuse of discretion. This is so even though the felony conviction occurred thirteen years prior ...

*Id.*, 353 Pa.Superior Ct. at 138, 509 A.2d at 373-374.

The trial court found that:

[t]o justify his policy of rejecting all persons charged with the crime of prostitution, the District Attorney alleges that prostitutes are professionals and they are like to recividate; that they are highly mobile individuals who are unreliable with respect to complying with the conditions of the ARD program; and, that they are often involved in organized crime.

We recognize that these considerations, in general, may be reasonable. However, in the instant case, we found them to be inapplicable.

(Trial Court Opinion at 3).

■ Having found that the district attorney's considerations, in general, were reasonable, the trial court was no longer in a position to continue its inquiry. Whether the trial court would find a particular individual a likely candidate for ARD is simply not the question. At issue, is whether or not the district attorney abused his discretion. The court has failed to identify criteria relied upon by the Commonwealth "wholly, patently and without doubt unrelated to the protection of society and/or the likelihood of (appellees) success in rehabilitation, such as race, religion or other such obviously prohibited considerations ... *Commonwealth v. Lutz*, 508 Pa. at 310, 495 A.2d at 935.

The Order of the trial court entered October 3, 1985 is reversed. Jurisdiction relinquished.