533 A.2d 448

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Doug MANNING.**

Superior Court of Pennsylvania.

Argued Jan. 13, 1987.

Filed Oct. 9, 1987.

Reargument Denied Dec. 1, 1987.

Ann Osborne, Assistant District Attorney, Radnor, for Com., appellant.

Timothy J. Gorbey, Chester, for appellee.

Before CIRILLO, President Judge, and ROWLEY and HOFFMAN, JJ.

CIRILLO, President Judge:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Delaware County granting the appellee's petition to dismiss a drunk driving charge pursuant to Pennsylvania Rule of Criminal Procedure 1100 (speedy trial). The sole issue on appeal is whether the trial court erred in granting appellee's Rule 1100 application when the court failed to list the case for trial based upon the Commonwealth's refusal to place the appellee in the Accelerated Rehabilitative Disposition (ARD) program. We affirm.

On March 11, 1984, appellee collided with another vehicle stopped at a traffic light, and a blood test determined his blood-alcohol content level to be .16%. On that date, appellee was charged with driving under the influence (DUI), driving while operating privileges are suspended, and operation of a vehicle without official certificate of inspection. After a preliminary hearing, appellee was held for court on the DUI charge; however, the other charges were dismissed.

On June 4, 1984 at appellee's guilty plea hearing, the attorney for the Commonwealth stated, in response to the court's inquiry, that appellee was ineligible for the ARD program because he had been driving under a license suspension. The court directed the district attorney to entertain appellee's ARD application, at which time appellee waived the running of Rule 1100 until June 18, 1984.

On June 18, 1984, the Commonwealth reiterated its decision to deny ARD based upon appellee's license suspension. The trial court took issue with this decision because the license suspension charge had been dismissed, and on June 20, entered an order directing the Commonwealth to submit the case for ARD consideration. The Commonwealth refused and requested a trial date.

On July 19, 1984, the Commonwealth filed a Rule 1100(c) extension request, which was granted on September 7, 1984 for a period of 30 days. On October 4, before the expiration of the 30–day extension, the court held a hearing at which time it refused to set a trial date despite the Commonwealth's reiteration that it was prepared to go to trial. However, the court indicated that it would reconsider its order concerning appellee's ARD admission if provided with a transcript of the preliminary hearing to determine upon what grounds the license suspension charge had been dismissed. Further, the court stated that the Commonwealth had the option of either placing appellee on ARD or certifying the question for interlocutory appeal, and also indicated that it would entertain applications filed before or after the Rule 1100 run date. The court further suggested to the Commonwealth that it file for another Rule 1100 extension if necessary to obtain the preliminary hearing transcript.

The Commonwealth declined to exercise the options offered by the court, and on January 30, 1985 the court granted appellee's Rule 1100(f) dismissal petition. The Commonwealth now appeals.

After the filing of the appeal, the court wrote an opinion stating that its dismissal of the prosecution had been improper because, based on the subsequent decision in *Commonwealth v. Lutz*, 508 Pa. 297, 495 A.2d 928 (1985), the court had no right to review the Commonwealth's refusal to admit appellee into ARD.

In *Lutz*, the supreme court said:

[T]he decision to submit the case for ARD rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admis-

sion to ARD wholly, patently and without doubt *unrelated* to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender.

508 Pa. at 310, 495 A.2d at 935.

The Rules of Criminal Procedure support the autonomy of the Commonwealth's decision to submit a case for ARD consideration. Rule 175 provides that "the attorney for the Commonwealth, upon his own motion ... may move that the case be considered for accelerated rehabilitative disposition," thus making clear that only the prosecution may initiate ARD. *See Commonwealth v. Ayers*, 363 Pa.Super. 232, 525 A.2d 804 (1987).

■ Although under *Lutz* the district attorney's discretion to accept a defendant into ARD is extremely broad, it is not completely unfettered. Recently, in *Commonwealth v. Kiehl*, 353 Pa.Super. 353, 509 A.2d 1313 (1986), we held that the prosecutor may not summarily reject a person from consideration for ARD admission, and must openly specify reasons for not submitting the case to ARD. Here, although the district attorney's office stated that the reason for not considering Manning for ARD was based upon Manning's suspended license, it offered no evidence to this effect. In fact, it appeared to the court that the contrary may have been true, since the district justice had dismissed the charge of driving under suspension. Thus, the court in requesting the transcript of the preliminary hearing was merely attempting to establish whether Manning's license was actually suspended, so as to determine whether the reason given by the district attorney for rejecting appellee's ARD application had a basis in fact.

Nevertheless, for the purposes of this appeal, we will assume that the court was correct in its later conclusion that the Commonwealth was not obligated to admit Manning to ARD no matter what the preliminary hearing tran-

script disclosed about the status of his driver's license. *See Lutz; see also Ayers.*

We now turn to the propriety of the order dismissing the charges based upon the Commonwealth's failure to comply with Rule 1100.

Although the Commonwealth was at all times prepared to proceed to trial, and the delay which ultimately led to dismissal was caused by the trial court's refusal to list the case for trial until the ARD issue was resolved, at no time did the Commonwealth file a petition for extension pursuant to Rule 1100. Thus, we cannot find that the Commonwealth exercised due diligence as required by the rule.

In *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976) our supreme court held that, if the Commonwealth is to prevail on a Rule 1100 petition, all delay beyond the mandatory time period must either be excluded from computation of the period (Rule 1100(d)) or justified by an order granting an extension pursuant to Rule 1100(c). However, periods of delay attributable to the judiciary are not excludable under Rule 1100(d). *Commonwealth v. Evans,* 249 Pa.Super. 142, 375 A.2d 799 (1977). Nor does judicial delay excuse the Commonwealth from filing a petition to extend the time period. *Commonwealth v. Neal,* 348 Pa.Super. 155, 501 A.2d 1116 (1985). Moreover, whenever postponements by reason of judicial delay have been the sole cause of delay, the records must show the reasons why such postponements could not have been avoided. *Commonwealth v. Selig,* 317 Pa.Super. 533, 464 A.2d 450 (1983). Therefore, in the absence of an application for an extension of time, and a showing of due diligence, judicial delay does not constitute a basis for an exclusion of time under Rule 1100. *Commonwealth v. Ellison,* 249 Pa.Super. 339, 378 A.2d 325 (1977).

Here, since the delay caused by the court in refusing to list the case for trial was not excludable, the Commonwealth's only alternative to protect the time period was to file an application for extension. The record does not clearly reflect that judicial delay was the sole cause of delay here. However, assuming that such was the case, it is clear

that this delay could have been avoided had the district attorney complied with the court's request to produce the preliminary hearing transcripts. Even if the court's request was irrelevant or even erroneous, the Commonwealth may not refuse to cooperate if that refusal becomes a cause for further delay. Where a case has Rule 1100 problems, prosecutors must do everything in their powers to see that the case is tried on time. *Commonwealth v. Caden,* 337 Pa.Super. 390, 487 A.2d 1 (1984) (citing *Commonwealth v. Smith,* 477 Pa. 424, 383 A.2d 1280 (1978)).

Furthermore, the Commonwealth's position, with which the trial court subsequently agreed, that filing a petition to extend would have been a "futile gesture," is misplaced. The Commonwealth may not refuse to comply with Rule 1100 procedure by simply allowing the time period to run out in order to get a legal ruling from this court. *Cf. Commonwealth v. Warfield,* 418 Pa. 301, 211 A.2d 452 (1965) (prosecution cannot intentionally cause a mistrial to obtain an appellate court ruling on the correctness of a pretrial order).

Therefore, due to the Commonwealth's failure to file an application for extension pursuant to Rule 1100(c), we find that the order dismissing the charges against appellee was properly granted.

Order affirmed.