535 A.2d 178

**COMMONWEALTH of Pennsylvania**

v.

**Neil A. EBERT, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 10, 1987.

Filed Dec. 29, 1987.

---

William Caprio, III, Williamsport, for appellant.

Kenneth A. Osokow, Assistant District Attorney, Williamsport, for Com.

Before BECK, TAMILIA and POPOVICH, JJ.

BECK, Judge:

This is an appeal by Neil A. Ebert from a judgment of sentence of eighteen months probation imposed by the Court of Common Pleas of Lycoming County. The issue is whether the Lycoming County district attorney violated appellant's rights by denying appellant entry into the Accelerated Rehabilitative Disposition (ARD) program on account of appellant's record as a juvenile offender. We agree with the trial court that the district attorney's decision not to recommend appellant for ARD was a proper exercise of prosecutorial discretion. Accordingly, we affirm the judgment of sentence.

In 1986, appellant was charged with the theft of services valued at $177.46, a misdemeanor of the second degree. *See* 18 Pa.Cons.Stat.Ann. § 3926 (Purdon Supp.1987). He

filed a request for ARD with the district attorney. The district attorney's office responded by sending appellant a letter which stated that, "we find that you are ineligible for the program for the following reason(s): 1. Prior record." R.R. at 9. Appellant had no criminal record as an adult. His record consisted exclusively of adjudications of delinquency imposed after he committed a series of burglaries as a juvenile.

Appellant filed a motion with the trial court in which he asked the court to order his admission into the ARD program. This motion was denied. Appellant was then tried by a jury and convicted of the theft of services charge. Following the denial of post-verdict motions, he appealed his judgment of sentence to this court. He raises two questions for review: whether the district attorney abused his discretion by preventing appellant from participating in the ARD program; and whether appellant was denied the equal protection of the law.

ARD is a pretrial disposition of certain cases through which the defendant can earn dismissal of the charges against him if he successfully completes a rehabilitation program. *See generally* Pa.Rs.Crim.P. 175–185. The district attorney is entrusted with the primary responsibility for determining who should benefit from this special opportunity to avoid prosecution. *See* Pa.R.Crim.P. 175.[1] In *Commonwealth v. Lutz,* 508 Pa. 297, 495 A.2d 928 (1985), the Pennsylvania Supreme Court established a general standard for reviewing the district attorney's exercise of his discretion in selecting candidates for ARD. *Lutz* provides in relevant part:

> What is relevant in moving a particular defendant's admission to ARD is whether he is the type of person

---

[1] Rule 175. Motion for Accelerated Rehabilitative Disposition Before Information or Indictment

After a defendant is held for court by an issuing authority, the attorney for the Commonwealth, upon his own motion or upon request of the defendant's attorney, may submit the transcript returned by the issuing authority to a judge empowered to try cases on information or indictment and may move that the case be considered for accelerated rehabilitative disposition.

who can benefit from the treatment offered by an ARD program....

This judgment, in turn, rests in the sound discretion of the district attorney. Such discretion, of course, is not without limitation, and, as is indicated by Professor Davis in *Discretionary Justice,* may be usefully circumscribed by a requirement of openness: ... In all of the cases consolidated herein, the prosecutors have openly specified their reasons for not submitting the cases for ARD, and those reasons, while they may be subject to disagreement as to their wisdom, do not amount to an abuse of discretion.

Since the judgment about who can benefit from ARD is subjective, and since society may be seriously damaged by a wrong judgment, the district attorney is not to be faulted if he errs on the side of caution.... [T]he decision to submit the case for ARD rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admission to ARD wholly, patently and without doubt *unrelated* to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender.

*Id.,* 508 Pa. at 309–310, 495 A.2d at 935.

■■■ *Lutz* restricts the district attorney's discretion in two significant respects. First, the prosecutor must openly specify reasons for not submitting a case for ARD. *Commonwealth v. Manning,* 367 Pa.Super. 624, 626–627, 533 A.2d 448, 450 (Pa.Super.1987); *Commonwealth v. Kiehl,* 353 Pa.Super. 353, 509 A.2d 1313 (1986). Second, these reasons must relate to the protection of society or to the likelihood of the candidate's successful rehabilitation. Both of these requirements were satisfied in the case sub judice. The Lycoming County district attorney disclosed that appellant was not accepted for ARD because of his delinquent acts as

a juvenile. It is reasonable to conclude that an individual who is charged with violating the law after having been adjudicated delinquent may be less easily deterred from further criminal activity than a first time offender with no prior contact with the criminal justice system. We cannot say that the prosecutor's decision not to recommend appellant for ARD was an abuse of discretion sufficient to justify court intervention.

Appellant does not dispute that his juvenile record is relevant to an assessment of his potential for rehabilitation. He argues instead that the district attorney's consideration of an adjudication of delinquency is prohibited by the Pennsylvania Juvenile Act.[2] We find that the Act does not create an exception to the *Lutz* standard for reviewing the discretion of the district attorney in the ARD context.

Section 6341 of the Act empowers the court of common pleas to adjudicate a child delinquent. Section 6354 provides in part:

(b) Effect in subsequent judicial matters.—The disposition of a child under this chapter may not be used against him in any proceeding in any court other than at a subsequent juvenile hearing, whether before or after reaching majority, except:

(1) in dispositional proceedings after conviction of a felony for the purposes of a presentence investigation and report; or

(2) if relevant, where he has put his reputation or character in issue in a civil matter.

The critical question is whether the district attorney's preliminary decision not to select a particular defendant for ARD is a "proceeding in any court" within the meaning of section 6354(b). We find that it is not. ARD proceedings are initiated only after the district attorney has already decided to recommend a case for the ARD program. *See* Pa.R.Crim.P. 177.[3] It is only after the district attorney's

2. 42 Pa.Cons.Stat.Ann. §§ 6301–6365 (Purdon 1982 & Supp.1987).

3. Rule 177. Notice of Motion by Attorney for the Commonwealth

office completes its internal screening process that the case is submitted to a judge and an ARD hearing is scheduled. If the prosecution rejects the defendant's ARD request, the need for a court proceeding on admission to ARD is obviated.

We also note that section 6354(b) was designed to deal with the effect of an adjudication of delinquency on "subsequent judicial matters". The district attorney's decision not to submit a case for ARD is less a "judicial matter" than an aspect of law enforcement within the province of the executive branch of government. *See Commonwealth v. Kindness*, 247 Pa.Super. 99, 371 A.2d 1346 (1977) (requirement that prosecutor authorize ARD placement does not violate separation of powers doctrine). We therefore conclude that the Juvenile Act was not violated when the district attorney declined to choose appellant for the ARD program.

 Appellant's final argument is that by discriminating against him because of his juvenile record, the Commonwealth denied him the equal protection of the law. U.S. CONST. amend. XIV. The equal protection clause, however, does not ordinarily restrain prosecutorial discretion unless the exercise of that discretion is based on an unjustifiable standard such as race or religion or an arbitrary classification. *See Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 505, 7 L.Ed.2d 446 (1962). As we previously indicated, an individual's status as a former juvenile offender is not an arbitrary classification for purposes of admission to the ARD program. A district attorney may rationally conclude: 1) that the best way to protect the public is to

When accelerated rehabilitative disposition proceedings are initiated, the attorney for the Commonwealth shall advise the defendant and his attorney of his intention to present the case to an appropriate judge. Notice of the proceedings shall be sent also to any victim or victims of the offense charged.

*Comment:* A form of Notice which has been used in Philadelphia is as follows:

TO THE DEFENDANT IN THIS CASE:

You will note from the subpoena attached to this letter that you have been ordered to appear in Room ____. This means that your case has been selected by the District Attorney's office as a proper case for the Accelerated Rehabilitative Program....

suspend the prosecution of only those classes of defendants who are likely to be rehabilitated; and 2) that former juvenile delinquents who have been charged with crimes as adults are not a class of defendants with strong prospects for successful rehabilitation. Thus, we cannot agree with appellant's allegation that his constitutional rights were abridged. *Cf. Shade v. Commonwealth, Dept. of Transp.*, 394 F.Supp. 1237 (M.D.Pa.1975); *Pyle v. Court of Common Pleas of Cumberland County*, 494 Pa. 323, 431 A.2d 876 (1981); *Commonwealth v. Mowry*, 358 Pa.Super. 233, 516 A.2d 1270 (1986); *Commonwealth v. Kindness*, 247 Pa.Super. at 107–111, 371 A.2d at 1350–1351 (1977) (rejecting equal protection challenges to denial of ARD).

Judgment of sentence affirmed.