## Commonwealth v. Stranges

*James C. Dalton, assistant district attorney,* for the commonwealth.

*Brian E. Subers,* for defendant.

RUFE, *J.,* November 15, 1988 — We have before us yet another in the long line of hearings claiming the Bucks County district attorney's abuse of discretion arising out of his April 15, 1988 policy denying ARD to any defendant charged with driving under the influence if that defendant was involved in a two-vehicle collision of any kind regardless of circumstances or fault.

The facts in this case establish that defendant was proceeding in his own lane of travel on a two-lane highway when a drunk driver crossed the center line of that highway and hit defendant head-on causing defendant serious injuries. The drunk driver was charged with driving under the influence[1] and meeting vehicle proceeding in the opposite direction,[2] and pled guilty to both. Defendant was transported to the hospital where blood was drawn which subsequently disclosed .13 percent blood al-

1. Pa. Motor Vehicle Code §3731.
2. Pa. Motor Vehicle Code §3302.

cohol content. At defendant's preliminary hearing the driving under the influence charge under section 3731(a)(1) (incapable of safe driving) was dismissed, but the charge under section 3731(a)(4) (blood alcohol content exceeding .10 percent) was bound over to court.

At the preliminary hearing, and again at the present hearing before this court, the arresting officer testified that his investigation disclosed that the accident was completely the fault of the other driver and not the fault of this defendant and that he recommended ARD disposition for these charges against defendant. The officer also testified that because of ditches on the side of the road and the curve in the road he could not answer how defendant could possibly have avoided the accident.

Nevertheless, despite timely application by defendant for ARD disposition the district attorney denied defendant the benefit of that program because of the blanket policy that defendants charged with driving under the influence shall be denied ARD if they were involved in an accident of any kind with another occupied vehicle, *regardless of fault*.

We are aware that the Pennsylvania Supreme Court in *Commonwealth v. Lutz,* 506 Pa. 297, 495 A.2d 928 (1985), has extended the broadest possible discretion to the district attorneys in the commonwealth regarding the determination of which defendants shall qualify for ARD disposition. In that case, the court held that while the criteria remain the protection of society and/or the likelihood of a defendant's success in rehabilitation, only factors patently and without doubt unrelated to those circumstances such as race, religious, or other obviously prohibited considerations would be deemed an abuse of that discretion.

However, that broad discretion was narrowed somewhat in *Commonwealth v. Ebert,* 369 Pa. Super. 318, A.2d 178 (1987), wherein the court required the prosecutor to openly specify his reasons for not submitting a defendant for ARD disposition, and secondly, that those reasons must relate to the protection of society or to the likelihood of defendant's successful rehabilitation.

The district attorney candidly acknowledges that defendant's "successful rehabilitation" is a criterion that is not even considered. Instead, the announced policy of denying ARD to defendants charged with driving under the influence when they have been involved in an accident with another occupied vehicle, regardless of fault, is based on the protection of society criterion only. The district attorney succinctly states his policy in his brief as follows: "The denial of ARD to drivers involved in collisions with occupied vehicles is a policy which recognizes the grave danger drunk drivers pose to the general public. The district attorney may rationally conclude that the best way to protect the public is to suspend the prosecution of only *that class of drivers whose drunk driving has had no impact upon other motorists.*" (emphasis supplied)

In the present case is is apparent from the investigating/prosecuting officer's report and testimony that defendant falls into the class of drivers for whom prosecution should be suspended, for defendant's drunk driving (not discovered until blood was drawn at the hospital) has no impact upon other motorists. In fact, defendant himself was the impact victim of the drunk driving of another drunk driving defendant.

The district attorney offers no explanation of how or why the denial of ARD to a completely faultless drunk driving defendant under the circumstances

of this case protects society in any way except to suggest that the district attorney should not be required to expend "prosecutorial and judicial resources in determining civil liability."[3] However, the failure to make proper inquiry as to whether denial of ARD to a defendant does actually meet the criterion of protecting society as mandated by the Supreme Court, may well constitute an abuse of discretion, particularly in a case such as the present one where the "impact upon other motorists" would not have differed one iota whether defendant was driving while drunk or sober..

The district attorney argues that he should not be required to determine fault in his ARD determination process. He argues: "Defendant is asking this court to require such an expenditure [prosecutorial and judicial resources] in each drunk driving case involving an accident. Also, defendant's analysis raises several difficult issues which would frequently be the subject of dispute: How much fault would bar a driver from receiving ARD? Would the district attorney's fault determination be subject to judicial review? What if the drunk driver could have avoided an accident caused largely by another?" While all of these questions regarding the district attorney's policy are interesting and provocative in the abstract, and perhaps should be addressed in the formulation of a proper policy regarding ARD disposition, they are all inapplicable to the present case, Here the commonwealth's own investigation discloses *no fault* on defendant, *no impact* on other motorists as a result of defendant's driving, either drunk or had

---

3. The district attorney does not seem at all concerned with the ever-increasing expenditure of judicial resources necessary to address the alleged abuse of his discretion in these cases.

he been sober, and accordingly, no purpose in protecting the public by denying defendant ARD disposition in the present case. Therefore, we enter the following

### ORDER

And now, November 15, 1988, the court, finding that the Bucks County district attorney has abused his discretion by denying ARD disposition to the above-named defendant, hereby orders and directs that the above-named defendant shall be admitted to the ARD Program upon the execution of the proper documents pertaining thereto.