## Commonwealth v. Smith

S. *Kip Portman, assistant district attorney,* for the Commonwealth.
*Douglas Maloney,* for defendant.

BIEHN, *J.* February 21, 1989— Defendant was convicted of driving under the influence of alcohol after a stipulated waiver trial on December 15, 1988. Post-trial motions were timely filed and are now before this court. For reasons stated below, all post-trial motions are hereby denied.

The sole issue before this court is whether or not the district attorney's refusal to place defendant on ARD (accelerated rehabilitative disposition) was an abuse of discretion. The instant offense was committed on July 1, 1988. Defendant was excluded from ARD due to a prior ARD placement for driving under the influence in January 1980. That particular offense occurred in October 1979.

Prior to trial, defendant filed a motion to compel his placement in the ARD program. A hearing was held at which James C. Dalton, a deputy district attorney, testified that he supervises the ARD program in Bucks County. He stated that the general policy of the District Attorney's Office is that a prior ARD placement for driving under the influence

would exclude a defendant from a subsequent ARD placement. He further stated that there is no absolute time limit that is used, but that "generally if there is a prior ARD within 10, years that will exclude a person."

We do not find the above policy to be an abuse of discretion. The law on the question of discretion is clear.

"[T]he decision to submit the case for ARD rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admission to ARD wholly, patently and without doubt unrelated to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender." *Commonwealth v. Kiehl,* 353 Pa. Super. 353, 354, 509 A.2d 1313 (1986) (citations omitted), citing *Commonwealth v. Lutz,* 508 Pa. 297, 310, 495 A.2d 928, 935 (1985).

"Thus, while the district attorney has sole discretion to move for a defendant's admission into ARD, the prosecutor may not summarily reject a person from consideration for admission. The *Lutz* court noted that in all of the cases before it, 'the prosecutors (had) openly specified their reasons for not submitting the cases for ARD...' *Lutz,* 508 Pa. at 310, 495 A.2d at 934." *Kiehl* at 355, 509 A.2d at 1313-4.

Defendant's argument in support of compelling ARD is two-fold. First, defendant contends that the district attorney did not comply with the "minimal requirement of *Lutz* of openness in evaluating [his] ARD application." It is defendant's position that the

district attorney did not enumerate individual factors as to why he was denied ARD other than his prior ARD nor did the district attorney express any objection related to the protection of society or the likelihood of his successful rehabilitation.

Defendant's second argument is that the district attorney's "10-year rule" is more stringent than the statutorily established seven-year rule. What defendant is referring to as the seven-year rule is that part of the Vehicle Code which provides that the district attorney shall not submit a charge for ARD if the defendant has been found guilty of or accepted ARD for a charge under that section within seven years of the date of the current offense. 75 Pa.C.S. §3731.

We do not find either of defendant's arguments persuasive. First, the district attorney did openly specify his reason for denying ARD. He denied it because defendant had been placed on ARD for the same offense in 1980. He did not base his decision on prohibited considerations such as race or religion. Nor did he summarily reject defendant's application as was done in *Kiehl* where the district attorney merely said he was philosophically opposed to the request. In the instant case, the district attorney based his decision on a consideration that is related to *both* the protection of society and the likelihood of defendant's successful rehabilitation, and that consideration was that defendant has twice committed a dangerous offense.

We also do not find, as defendant would have us, that section 3731(d) of the Vehicle Code compels the district attorney to offer ARD to a defendant whose previous ARD placement was more than seven years prior to the current offense. Section 3731(d) prohibits certain dispositions. It does not require any. The district attorney's policy of denying ARD to a defendant who had a prior ARD placement for

driving under the influence within 10 years is a reasonable and defensible policy. Therefore, we can not hold that the district attorney abused his discretion in denying defendant's request for ARD.

Accordingly, we enter the following

## ORDER

And now, February 21, 1989, defendant's motion for new trial and in arrest of judgment is hereby denied. Defendant is ordered to appear for sentencing on March 10, 1989, at 9:00 a.m. in court room no. 1 of the Bucks County Courthouse, Doylestown, Pa.