557 A.2d 357

**COMMONWEALTH of Pennsylvania**

v.

**Joseph J. PAUL, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 24, 1989.

Filed March 9, 1989.

Reargument Denied April 28, 1989.

William L. Goldman, Doylestown, for appellant.

Stephen B. Harris, Assistant District Attorney, Warrington, for Com., appellee.

Before BROSKY, McEWEN and OLSZEWSKI, JJ.

BROSKY, Judge:

This interlocutory appeal by permission lies from an Order denying appellant's Motion to compel his placement in the Bucks County A.R.D. program.

Three issues are presented for our review: (1) whether the District Attorney may refuse to submit a case for A.R.D. merely on the basis of the applicant's involvement in a two-vehicle accident; (2) whether an unwritten, unpublished policy can be enforced in a criminal prosecution so as to deny an otherwise qualified applicant admission into the Bucks County A.R.D. program; and (3) whether a trial court may compel placement of a qualified applicant into the A.R.D. program when it finds such policy to be an abuse of the prosecutor's discretion.[1] We affirm.

Appellant was charged with driving under the influence (75 Pa.C.S.A. § 3731) after he struck an occupied

---

1. Although this appeal is from the Order denying appellant's Motion to Compel his placement in the Bucks County A.R.D. program, were we to rely on this Motion as the vehicle by which appellant has sought to preserve the issues he now raises, we would find the allegations therein woefully inadequate to preserve the record for appellate review. The Motion, standing alone, fails to preserve any of the three issues. The matter relative to Issue number one was the subject of the hearing on the Motion. The former has been transcribed and is part of the certified record here on appeal. Hence, we will consider the first issue cognizable for review. The third issue recites the relief

vehicle which was stopped at an intersection. The driver of the struck vehicle was waiting for traffic to clear so that he could make a turn. Appellant argues in his initial challenge that the decision of the Bucks County District Attorney denying his application for participation in the A.R.D. Program on the basis of his involvement in a two-vehicle accident where the struck vehicle was occupied constitutes an abuse of the prosecutor's discretion. Appellant perceives this to be an arbitrary policy which, he says, violates the twin-pronged standard adopted in *Commonwealth v. Ebert*, 369 Pa.Super. 318, 535 A.2d 178 (1987), limiting the exercise of prosecutorial discretion in submitting a case for A.R.D. *Ebert* requires, first, that the prosecutor must specify the reason or reasons for refusing to submit a case for A.R.D. Secondly, the reason or reasons must relate to the protection of society or to the likelihood of successful rehabilitation. *Id.*

The gravamen of this contention is that the reason given here does not meet the latter condition of the second prong

sought by appellant, and we would view any argument raised in support thereof to be a logical extension of that relating to Issue number one.

Appellant sets forth as his second issue the enforceability of the District Attorney's policy against recommending for A.R.D. persons striking occupied vehicles while driving under the influence. He argues that for the policy to be enforceable it must comport with the provisions of Pa.R.Crim.P. 6(c) which requires, *inter alia*, that the local rule be in writing. This subject policy is not in writing and is not published. Therefore, appellant reasons, the policy violates the Rule and is not enforceable.

First, this argument is waived as it has not been preserved in the Motion to compel, was not the subject of any record discussion at the hearing on the Motion and the trial court does not refer to this matter, even peripherally, in its Opinion. Pennsylvania Rule of Appellate Procedure 302(a) does not permit an appellate court to consider an issue presented to it for the first time without initially raising it in the trial court.

Secondly, Pa.R.Crim.P. 6(a) states that the term "local rule" includes the designation "policy" and must be "adopted or enforced by a court of common pleas to govern criminal practice and procedure." However, the "policy" in this case is that of the District Attorney of Bucks County, not the Court of Common Pleas. Perforce, then, Pa.R.Crim.P. 6(c) is inapplicable, and the argument fails in any event.

of the *Ebert* standard. We disagree. That a District Attorney has the sole discretion to submit a case for A.R.D. is now well established in this Commonwealth. *Commonwealth v. Lutz,* 508 Pa. 297, 495 A.2d 928 (1985); *Commonwealth v. Knowles,* 373 Pa.Super. 203, 540 A.2d 938 (1988); *Commonwealth v. Ebert, supra; Commonwealth v. Kiehl,* 353 Pa.Super. 353, 509 A.2d 1313 (1986); *Commonwealth v. Roeder,* 353 Pa.Super. 137, 509 A.2d 373 (1986); *Commonwealth v. Brown,* 350 Pa.Super. 453, 504 A.2d 927 (1986); *Commonwealth v. Burdge,* 345 Pa.Super. 187, 497 A.2d 1367 (1985); *Commonwealth v. Boerner,* 268 Pa.Super. 168, 407 A.2d 883 (1979); Pa.R.Crim.P. 175, 176.

The District Attorney openly stated that it was the policy of his office to refuse to submit a case for A.R.D. in which a person charged with driving under the influence had struck another occupied vehicle. Appellant does not argue that this policy does not have as its goal the protection of society; rather, he contends that the District Attorney's reason for refusing to move his admission into the Program bears no relationship to the likelihood of appellant's successful rehabilitation, an admitted goal of the program. *See Commonwealth v. Lutz, supra.* He charges the District Attorney for refusing to consider his otherwise safe driving record, the lack of a criminal record, evidence of required insurance coverage, possession of a valid operator's license, the absence of any injury to the driver of the struck motor vehicle and the opinions of the victim and the arresting officer in favor of A.R.D. treatment for him.

In *Commonwealth v. Lutz, supra,* our Supreme Court discussed the latitude of a prosecutor's discretion:

> [T]he decision to submit the case for ARD rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admission to ARD wholly, patently and without doubt *unrelated* to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to

submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender.

508 Pa. at 310, 495 A.2d at 935; emphasis in text; citations omitted. Appellant does not allege that the District Attorney employed any of these forbidden factors in reaching his decision that the instant case was not a proper one for the County A.R.D. program, nor does appellant contest the District Attorney's policy on the basis of such impermissible criteria. Absent any such averment, "[o]ur reading of *Lutz* does not convince us that appellant's complaint concerning the [accident-with-an-occupied-vehicle criterion] qualifies as a prohibited consideration contemplated by the *Lutz* court *to be wholly unrelated to the rehabilitative needs of the accused* and the protection of the public." *Commonwealth v. Knowles, supra* 373 Pa.Super. at 207–08, 540 A.2d at 940; emphasis added.

Our efforts have been in vain to locate any authority, judicial or legislative, in this Commonwealth to support appellant's claim that a District Attorney would be required to "set off" or weigh purportedly mitigating factors which he [appellant] has enumerated (*see supra* at 358–359 and Appellant's Brief, 9–10) against a considered policy of rejecting applications for A.R.D. not meeting the designated criteria for acceptance into the Program, and further, that the failure or refusal of a District Attorney to conduct this type of balancing analysis as a condition precedent to his determination to reject a case for A.R.D. rises to the level of prosecutorial abuse. Neither *Lutz* and its progeny nor the cases preceding *Lutz* condones such requirement or restricts the prosecutor's discretion in the fashion now urged by appellant. The cases since *Lutz* have not broadened or restricted a District Attorney's discretion regarding the acceptance or rejection of persons into or from participation in an A.R.D. program. We see no reason to deviate from that line of reasoning now.

Research has disclosed instances where similar, if not harsher, admissions criteria have weathered attacks upon

prosecutorial abuse. In *Pyle v. Court of Common Pleas,* 494 Pa. 323, 431 A.2d 876 (1981), a challenge was raised to the refusal of the Cumberland County District Attorney to accept any first-time nonviolent offenders for A.R.D. consideration. The Supreme Court rejected the argument that the A.R.D. Rules (Pa.R.Crim.P. 175–185) promulgated by it compelled prosecutorial acceptance of cases for A.R.D. upon motion of a party other than the District Attorney. *Lutz* has reaffirmed this position.

Recently, in *Commonwealth v. Knowles, supra,* this court upheld the twenty-five percent blood alcohol cut-off policy of the Monroe County District Attorney on the basis that it served the two-fold purpose of the A.R.D. Program as contemplated by *Lutz* and the A.R.D. Rules. Similarly, in *Commonwealth v. Roeder, supra,* we affirmed the policy of the Lycoming County District Attorney refusing admission to A.R.D. persons with prior felony records. This policy, we held, was not an abuse of the prosecutor's discretion even though Roeder's felony conviction had occurred thirteen years earlier. And in *Commonwealth v. Kindness,* 247 Pa.Super. 99, 371 A.2d 1346 (1977), a case which was decided prior to the enactment of the 1982 amendment to the Motor Vehicle Code mandating the establishment and implementation of an A.R.D. program in each judicial district for persons charged with violating Section 3731 of the Motor Vehicle Code, this court approved the policy of the Dauphin County District Attorney refusing all drunk driving cases for A.R.D. consideration. We reasoned that the exclusion of that class of intoxicated persons from the County A.R.D. program was neither unreasonable nor arbitrary.

This case presents no justification for diverging from established precedent. The policy of the Bucks County District Attorney of not considering for enrollment in the County A.R.D. program any person charged with driving under the influence (75 Pa.C.S.A. § 3731) who is involved in an accident with another occupied vehicle does not offend the twin purposes of A.R.D.—the rehabilitation of the of-

fender and the protection of society—as contemplated by *Lutz* and the Rules of Criminal Procedure relating to A.R.D.

■ Undaunted nonetheless, appellant continues to insist that the policy of the District Attorney constitutes an abuse of discretion, and, in conjunction with this position, he asks this court to fashion the remedy of judicial intervention.[2] First, granting appellant the desired remedy would circumvent the holding of *Lutz* and its progeny, and would displace, as well, the Rules of Criminal Procedure governing A.R.D. procedure in this Commonwealth. Acceptance into the A.R.D. Program implicates a series of interdependent contingencies—the District Attorney's Motion before the hearing court to accept the offender into the Program (Pa.R.Crim.P. 175, 176), the accused's acceptance of the conditions of the Program before the court (Pa.R.Crim.P. 178, 179(a), (d)) and the hearing court's assessment of the circumstances of each case and its grant of the Commonwealth's Motion, if it agrees that the case is a proper one for A.R.D. consideration (Pa.R.Crim.P. 179(b), (c)).

A.R.D. recommendation is solely the province of the prosecutor, and admission of an offender into the program is by grace of the trial court upon the Commonwealth's motion. *Commonwealth v. Ayers*, 363 Pa.Super. 232, 525 A.2d 804 (1987). An accused, therefore, has no right to demand acceptance into the program and cannot complain when he is precluded from participation. *Commonwealth v. Lutz, supra; Commonwealth v. Kiehl, supra; Commonwealth v. Boerner, supra.* Obviously, then, appellant's Motion to compel his acceptance into the Bucks County A.R.D. program has no place in the procedural or legal scheme of an A.R.D. program in this Commonwealth.

**2.** Appellant misrepresents in the Statement of his third issue as well as in the argument portion of his appellate Brief the trial court's alleged statement that the District Attorney's policy of denying A.R.D. to a person involved in a two-vehicle accident where the struck vehicle was occupied constituted an abuse of the prosecutor's discretion. On the contrary, as its Opinion indicates, the trial court found no abuse of the District Attorney's discretion pursuant to *Commonwealth v. Lutz, supra,* in refusing appellant's application for A.R.D.

Moreover, judicial intervention is strictly circumscribed by the Rules of Criminal Procedure governing A.R.D. *Commonwealth v. Ayers, supra.* Appellant's contention that judicial intervention must come prior to the Commonwealth's decision to move a case for acceptance into A.R.D., or in the event that decision is in the negative, is misplaced. Judicial consideration of the Commonwealth's Motion to admit an accused into the Program is triggered by that event, and not before, and is not contingent upon the Commonwealth's refusal to move a case for A.R.D. consideration.

Prior to the Commonwealth's Motion, the judiciary plays no role in the A.R.D. process. *Id.* After the Commonwealth's Motion is presented, the court conducts a hearing into the facts. Pa.R.Crim.P. 179(b). This is the first stage at which the judiciary is implicated. *Commonwealth v. Ayers, supra.* Only after the A.R.D. process has been initiated by the District Attorney and a hearing has been conducted pursuant to Rule 179(b) is the court authorized to act upon the Commonwealth's Motion. *See* Pa.R.Crim.P. 179(c). When the A.R.D. candidate indicates his acceptance of the conditions of the Program, only then may the court make the determination whether the accused is likely to be a successful candidate for admission, and, if so, it may grant the Commonwealth's Motion. *See* Pa.R.Crim.P. 179(d). If the accused indicates his dissatisfaction with the conditions or his refusal to comply therewith, the court is compelled to deny the Commonwealth's Motion. *See* Pa.R. Crim.P. 183.

The Rules further define the court's role in the A.R.D. process once the court has admitted a party into the A.R.D. Program. For example, Pa.R.Crim.P. 180 and 181 require the Court to order that no information or indictment be handed down during the term of the Program or, where an indictment or information has already been found, that all future proceedings be held in abeyance during the pendency of the Program. In violation situations, the court must hold a hearing on the Commonwealth's Motion.

If the court, after hearing, finds a violation of conditions, it has the discretionary power to revoke a party's A.R.D. and to order the Commonwealth to proceed on the charges. Pa.R.Crim.P. 184(c). Finally, an A.R.D. participant must apply to the court, not to the District Attorney, for dismissal of the charges after successful completion of the Program. Rule 185 then requires the court to enter an Order of dismissal if no objections to a party's discharge are forthcoming within thirty days of notice of the filing of the Petition for dismissal. The Rule further provides, however, that the court must conduct a hearing pursuant to Rule 184, *supra,* if objections to dismissal are timely filed.

The above is set forth merely to illustrate the stage at which the Rules prescribe judicial intervention. It is solely the Commonwealth's Motion to accept an individual for A.R.D. consideration which triggers judicial intervention in the A.R.D. process. This procedure ensures the inviolability of the District Attorney's discretion to decide, autonomously, whether and what charges should be brought. *Commonwealth v. Ayers, supra.* Thus, under the Rules and the prevailing case law, a court would be without authority to entertain a Motion to compel acceptance prior to or in the absence of the Commonwealth's Motion to accept an individual for A.R.D. Moreover, such a practice as that suggested by appellant is tantamount to permitting one other than the District Attorney to move for a party's acceptance into an A.R.D. program. This, we have stated many times over, is a matter committed exclusively to the discretion of the District Attorney. The courts of this Commonwealth have displayed no reluctance or hesitation in upholding a lower court's refusal to permit an accused to move his own admission into an A.R.D. program, *Pyle v. Court of Common Pleas, supra,* nor to invalidate court-imposed criteria under the banner of local rules restricting a prosecutor's discretion to recommend or to decline to recommend candidates for A.R.D. *Commonwealth v. Lutz, supra; Commonwealth v. Burdge, supra.* Appellant's sought-after remedy is therefore contrary to established law and rule of court.

Appellant makes much ado about the eye of this controversy—that his involvement in a two-car accident where the struck vehicle was occupied denies him the privilege (the "right", according to appellant) of being considered as a likely candidate for the Bucks County A.R.D. Program. He makes light of the fact, and urges this court to do likewise, that the occupant of the struck vehicle was, fortunately, unhurt. He cites several purportedly mitigating factors, noted elsewhere in this Opinion, which he claims should weigh heavily in favor of his acceptance into the Program despite the policy of the District Attorney of Bucks County to the contrary.

However, the rationale for appellant's argument misses its mark entirely. Appellant was charged with violating Section 3731 of the Motor Vehicle Code, 75 Pa.C.S.A. § 3731. This provision of the Code prohibits anyone from driving, operating or otherwise controlling a moving vehicle while under the influence of alcohol, any controlled substance or a combination thereof to the extent of being incapable of safe driving. The statute also proscribes driving, operating or controlling the movement of a vehicle when the blood alcohol count of the driver, operator or one who is otherwise in control of a moving vehicle is .10 percent or greater. Appellant's blood alcohol count was .12 percent.

The statutory provision under which appellant stands charged appears in Chapter Thirty-seven of the Motor Vehicle Code which is entitled "Miscellaneous Provisions." Chapter Thirty-seven is divided into three subchapters, "A", "B" and "C". Subchapter "A" is labeled "Offenses in General" and includes therein a number of summary vehicle offenses. Subchapter "B" is designated "Serious Traffic Offenses" and comprises the instant offense, as well as the offenses of homicide by vehicle, fleeing or attempting to elude police officer, driving without lights to avoid identification or arrest and homicide by vehicle while driving under the influence.

Apparently, our Legislature has considered drunk driving offenses to be so grave that it created a separate classification for them in the Motor Vehicle Code and categorized it accordingly. Not surprisingly, our Supreme Court has also evinced a strong policy disfavoring lieniency for drunk drivers. *See, e.g., Commonwealth v. Lutz, supra* and *Commonwealth v. Mikulan*, 504 Pa. 244, 470 A.2d 1339 (1983). *See also Commonwealth v. Knowles, supra.* In *Commonwealth v. Mikulan, supra*, a plurality of our High Court stated:

> The situation underlying this case—that of the drunk driver—occurs with tragic frequency on our Nation's highways. The carnage caused by drunk drivers is well documented and needs no detailed recitation here. This Court, although not having the daily contact with the problem that the state courts have, has repeatedly lamented the tragedy. *See Breithaupt v. Abram*, 352 US 432, 439, 1 LEd2d 448, 77 SCt 408 [412] (1957) ('The increasing slaughter on our highways, most of which should be avoidable, now reaches the astounding figures only heard of on the battlefield'); *Tate v. Short*, 401 US 395, 401, 28 LEd2d 130, 91 SCt 668 [672] (1971) (Blackmun, J., concurring) (deploring "traffic irresponsibility and the frightful carnage it spews upon our highways"); *Perez v. Campbell*, 402 US 637, 657 and 672, 29 LEd2d 233, 91 SCt 1704 [1715 and 1722] (1971) (Blackmun, J., concurring) ("The slaughter on the highways of this Nation exceeds the death toll of all our wars"); *Mackey v. Montrym*, 443 US 1, 17–18, 61 LEd2d 321, 99 SCt 2612 [2620–2621] (1979) (recognizing the "compelling interest in highway safety").

504 Pa. at 248–49, 470 A.2d at 1341, *quoting South Dakota v. Neville*, 459 U.S. 553, 558–59, 103 S.Ct. 916, 920, 74 L.Ed.2d 748 (1983).

While the instant matter, fortunately, and, unlike *Mikulan*, does not involve a homicide caused by drunk driving, the above is grimly reflective of the alarming problems posed by drunk drivers. "[I]t would be folly to encourage

those who consume alcohol to believe that if they are caught driving while intoxicated, society will take a light view of it." *Commonwealth v. Lutz, supra,* 508 Pa. at 313, 495 A.2d at 936. We are unwilling to cast aside as mere fluff, as appellant would have us do, the policy of the Bucks County District Attorney circumscribing a candidate's acceptance into the County A.R.D. program. Instead, it is a valid and permissible expression of the sentiment of the Chief Prosecutor of that County and a proper and legal exercise of that public official's discretion.

Order affirmed.

McEWEN, J., concurs in the result.