## Commonwealth v. Beese

*Glenn A. Parno, assistant district attorney,* for the commonwealth.

*Mark I. Rickles,* for defendant.

BIEHN, *J.,* August 24, 1989 — Defendant has appealed to the Superior Court his June 1, 1989 conviction of driving under the influence of alcohol. The sole issue is whether the district attorney abused his discretion in failing to place defendant in the accelerated rehabilitative disposition (ARD) program because defendant had previously received probation without verdict pursuant to section 17 of the Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa.C.S. §780-117.

Defendant was arrested on the instant offense January 3, 1989. His vehicle was being operated in a reckless manner and a subsequent breathalyzer yielded results of .263 and .246 percent. He earlier had been placed on a one-year probation without verdict on December 8, 1987, which had expired without incident December 8, 1988 — less than one month before the offense in question. The district attorney specified that the prior section 17 disposition was the sole reason for denial of ARD.

Certainly, the commonwealth has met the two-pronged test set forth in *Commonwealth v. Ebert,* 369 Pa. Super. 318, 535 A.2d 178 (1987). The prosecutor stated his reason for refusal, and that statement reasonably related to the protection of society or to the likelihood of successful rehabilitation. It is in no way an abuse of discretion to deny ARD to an individual who operated his vehicle while under the influence of alcohol only 26 days after completing another one-year diversion program triggered by an earlier substance abuse.

Defendant also argued that since his section 17 disposition was expunged May 1, 1989, one month before his trial, that the section 17 disposition should not have been considered.

The Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa.C.S. §780-101, at section 17(3)

states that if one fulfills the terms of his probation without verdict, the charges shall be dismissed and not "constitute a conviction for any purpose whatsoever." This section further provides as follows:

"[P]robation without verdict shall be available to any person only once ... [and] the prosecuting attorney or the court and the council shall keep a list of those persons placed on probation without verdict, *which list may only be used to determine the eligibility of persons for probation without verdict and the names on such list may be used for no other purpose whatsoever."* (emphasis supplied)

Although ARD and section 17 are not identical types of dispositions, nonetheless we find that under the facts of this case the sensible reading of the above section would be to allow the prior section 17 to be considered in determining whether defendant must be afforded a second diversion.

The primary purpose of the ARD program "is the rehabilitation of the offender," according to the Committee Introduction to the Pennsylvania Rules of Criminal Procedure governing the administration of ARD. It is contemplated by these rules that "defendants eligible for the ARD program are first offenders who lend themselves to treatment and rehabilitation. . . " The program encourages defendants "to make a fresh start after participation in the rehabilitative program and offers them the possibility of a clean record if they successfully complete the program."

Section 17 preceded the existence of the ARD rules, but both have the same purpose and it would be inappropriate to require a district attorney to ignore a listed section 17 disposition in determining whether to afford a second diversion opportunity for a subsequent substance abuse.

We therefore found that within the context of this case, ARD is a form of probation without verdict and legally could be considered by the district attorney in denying defendant's request.