## Commonwealth v. Burghen

*Carolyn Oliver, assistant district attorney,* for the Commonwealth.
*John M. McClure,* for defendant.

GARB, *P.J.,* November 10, 1992—Defendant was convicted in a bench trial of the crime of driving while under the influence of intoxicating liquor. He has filed post verdict motions in which the sole issue is the alleged abuse of discretion on the part of the district attorney in refusing to apply to have him placed in the accelerated rehabilitative disposition program. We affirm.

Rule of Criminal Procedure 176 provides that after criminal proceedings in a court case have been instituted, the attorney for the Commonwealth may move that the case be considered for accelerated rehabilitative disposition. It has now been firmly established that under the rules having to do with ARD, the district attorney has the sole discretion to submit a case for this disposition. *Commonwealth v. Lutz,* 508 Pa. 297, 495 A.2d 928 (1985). Such a provision is constitutional. *Commonwealth v. Kindness,* 247 Pa. Super. 99, 371 A.2d 1346 (1977). See also *Commonwealth v. Paul,* 383 Pa. Super. 486, 557 A.2d 357 (1989). Of course, the district attorney does

not enjoy unfettered discretion. The district attorney must be able to specify the reasons for refusal. *Commonwealth v. Kiehl,* 353 Pa. Super. 353, 509 A.2d 1313 (1986). However, there is no deprivation of equal protection unless there is an unjustifiable standard such as race, religion or an arbitrary classification. *Commonwealth v. Ebert,* 369 Pa. Super. 318, 535 A.2d 178 (1987). Absent the deliberate use by the district attorney of such factors as race, religion or other suspect classifications, the exercise of prosecutorial discretion in decisions concerning admission into ARD does not violate constitutional principles of due process and equal protection. *Commonwealth v. Agnew,* 411 Pa. Super. 63, 600 A.2d 1265 (1991).

In this case, the Commonwealth articulated its basis for the refusal. At the time of defendant's arrest, he was operating a vehicle which, at that time, was not covered by liability insurance. We believe that the standard for qualification for the ARD Program is appropriate as having as its goal the protection of society from uninsured motorists, particularly those who drive while intoxicated. There is nothing arbitrary about this standard, and certainly the application of it to the defendant does not constitute a deprivation of equal protection or due process of law.

Defendant argues, however, that he was insured. Suffice it to say that he was unable to furnish any proof of insurance. Admittedly, the defendant was insured under a motor vehicle liability insurance policy insuring another vehicle which he owned. He was the owner of the vehicle which he was driving at the time of his arrest, but it was not specifically covered by his policy of insurance. In fact, that policy of insurance had an exclusion for any vehicles not specifically named in the policy and owned by the defendant. He claims that somehow he was insured notwithstanding that provision because of the ambiguity between that provision and another pro-

vision which does cover him when operating an uninsured vehicle owned by another person. We do not believe that this argument establishes that he was covered by liability insurance as required by Pennsylvania law. He was unable to furnish any proof of insurance, either contained in a policy on its face or by any notice from an insurer. Accordingly, we determine that the Commonwealth justifiably denied defendant inclusion in the ARD program.

## ORDER

And now, November 10, 1992, it is hereby ordered that the post verdict motions are denied, dismissed and overruled, and defendant is directed to appear for imposition of sentence in Court Room no. 2 at the Court House, Doylestown, Pa., 10 a.m. on the 20th day of January, 1993.