651 A.2d 1143

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**John EMS, Appellee.**

Superior Court of Pennsylvania.

Submitted Nov. 29, 1994.

Filed Jan. 20, 1995.

164

Lindsay N. Scott, Asst. Dist. Atty., Doylestown, for Com., appellant.

David J. Sowerbutts, Bristol, for appellee.

Before OLSZEWSKI, JOHNSON and HESTER, JJ.

PER CURIAM:

Order Affirmed.

OLSZEWSKI, Judge, dissenting.

After he was arrested on June 5, 1993 for driving under the influence, appellee John Ems applied to the District Attorney of Bucks County for admission into a program for Accelerated Rehabilitative Disposition (ARD). The District Attorney's office advised Ems that he would not be approved for ARD because his driver's license had expired over two months before the date of his arrest.

Ems then filed a Motion to Compel Admission to ARD with the court of common pleas, arguing that the District Attorney's office had abused its discretion in refusing to recommend him for ARD. After a hearing, the court granted Ems's motion and ordered the District Attorney to approve Ems's petition for inclusion into the ARD program. The Commonwealth appealed, and the majority affirms.

We respectfully dissent. The case law unambiguously dictates that a defendant may not move his own admission to ARD, and unless and until the Commonwealth moves to accept an individual for ARD, a court is without authority to entertain a motion to compel acceptance. *Commonwealth v. Lutz*, 508 Pa. 297, 312, 495 A.2d 928, 936 (1985); *Commonwealth v. Paul*, 383 Pa.Super. 486, 494, 557 A.2d 357, 361 (1989), *alloc. denied*, 525 Pa. 633, 578 A.2d 927 (1990). Therefore, we would hold that the question of whether the District Attorney abused his discretion in this instance is not properly before us.

In affirming the trial court's ruling, the majority holds that the Commonwealth waived its objection to the trial court's lack of authority when it failed to question that authority below. We cannot agree with the proposition that a lower

court may assume an authority which we have expressly denied it, merely because a party fails to object. *Id.; cf., e.g., Commonwealth v. Ziegler,* 251 Pa.Super. 147, 150, 380 A.2d 420, 422 (1977) ("Since a question of subject-matter jurisdiction *goes to the very power of the court to act,* it may be raised at any time during the proceedings, and may not be waived by consent or otherwise." (emphasis supplied)).

We would also reject the idea that the trial court could have interpreted Ems's Motion to Compel Admission as an effective request for a writ of mandamus, and that the court could properly have entertained the motion on that ground. Mandamus is an extraordinary remedy, to be used only where there exists a clear legal right in the plaintiff. *E.g., Commonwealth v. Blystone,* 421 Pa.Super. 167, 177, 617 A.2d 778, 783 (1992). Admission to an ARD program, however, is not a matter of right, but rather a privilege. *Lutz,* 508 Pa. at 306, 495 A.2d at 933. Moreover, while mandamus may be used to compel an official to exercise her discretion, it may not be used to compel her to do so in a certain manner or to arrive at a certain decision. *See Delaware River Port Authority v. Thornburgh,* 508 Pa. 11, 18–22, 493 A.2d 1351, 1355–56 (1985); *Taylor v. Abernathy,* 422 Pa. 629, 638, 222 A.2d 863, 868 (1966). *But see Lutz,* 508 Pa. at 314, 495 A.2d at 937 (C.J. Nix, concurring and dissenting).

We would hold that once a district attorney has openly specified her reasons for refusing to admit a defendant to ARD, a court may review those reasons only in the context of a constitutional challenge on equal protection or due process grounds. *See Commonwealth v. Kiehl,* 353 Pa.Super. 353, 509 A.2d 1313 (1986); *Commonwealth v. Mowry,* 358 Pa.Super. 233, 516 A.2d 1270 (1986), *alloc. denied,* 515 Pa. 605, 529 A.2d 1080 (1987); *Commonwealth v. Agnew,* 411 Pa.Super. 63, 600 A.2d 1265 (1991). Moreover, we would find *this* claim to have been waived, as an appellate court may not raise constitutional issues sua sponte. *See Commonwealth v. Berryman,* 437 Pa.Super. 258, ——, 649 A.2d 961, 973 (1994).

If the constitutional question were properly before us, we note that precedent exists which then would allow us to

compel admission to ARD, if the Commonwealth had indicated. that "but for" the impermissible reason it would have considered the defendant for ARD. *Commonwealth v. Melnyk*, 378 Pa.Super. 42, 548 A.2d 266 (1988); *alloc. denied*, 522 Pa. 594, 562 A.2d 319 (1989). Even if the constitutional claim were not waived, however, the record before us contains no such indication by the Commonwealth.

Unless the legislature sees fit to amend our statutes, or our Supreme Court chooses to rewrite the Rules of Criminal Procedure, our power over a district attorney in this matter of her discretion (and hence the scope of the remedy available in this Court) can extend only so far as to force that officer to adhere to the law of this Commonwealth. We may compel the district attorney to openly state the reasons for her decision, and require those reasons to be rationally related to the purposes of individual rehabilitation or societal protection. *See Commonwealth v. Ebert*, 369 Pa.Super. 318, 322, 535 A.2d 178, 180 (1987). We may reject her reasons as arbitrary or legally impermissible, and require that officer to act within the bounds of the law or be held in contempt. The decision to accept or refuse an application to ARD, however, must remain hers, and we have no authority to perform that action in her place. Respectfully, we dissent.