579 A.2d 930

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Jeffrey P. STRANGES.**

Superior Court of Pennsylvania.

Argued May 31, 1990.

Filed Aug. 24, 1990.

Stephen B. Harris, Asst. Dist. Atty., Warrington, for Com., appellant.

Brian Subers, Lansdale, for appellee.

Before ROWLEY, WIEAND, OLSZEWSKI, MONTEMURO, BECK, KELLY, POPOVICH, JOHNSON and FORD ELLIOTT, JJ.

JOHNSON, Judge:

Once again, we are called upon to determine whether in a prosecution for drunk driving under the Motor Vehicle Code, a defendant may be admitted to Accelerated Rehabilitative Disposition (ARD) over the objection of the attorney for the Commonwealth. *Commonwealth v. Lutz*, 508 Pa. 297, 495 A.2d 928 (1985) remains the law of this Commonwealth. That case instructs us that the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based upon her or his view of what is most beneficial for society and the offender. As there was no abuse of prosecutorial discretion, the trial court improperly granted the petition to compel ARD. The order directing admission to ARD is, therefore, reversed.

The Bucks County District Attorney has an open policy which withholds diversion from criminal prosecution into ARD from any person charged with drunk driving who is involved in an accident of any kind with another occupied vehicle, regardless of fault. Jeffrey Stranges was involved in a two-vehicle accident in April 1988. He was transported by ambulance to a local hospital where a technician extracted a blood sample.

Stranges' blood alcohol content was established to be .13 percent. He was charged with driving under the influence of alcohol, 75 Pa.C.S. §§ 3731(a)(1) and (4). At the preliminary hearing, the investigating police officer testified that (a) Stranges was not at fault, (b) the operator of the other vehicle was also drunk and completely at fault for the accident, and (c) he had no objection to an ARD diversion of the charges against Stranges. The district justice dismissed the charge for violating § 3731(a)(1) (incapable of safe driving). He bound Stranges over to court on the charge under § 3731(a)(4) (blood alcohol content .10 percent or greater).

Stranges filed an ARD application with the Bucks County Office of the District Attorney. The application was denied. Stranges then filed a petition for reconsideration which was heard in the court of common pleas. The trial court found that the district attorney had abused his discretion by denying ARD eligibility to Stranges. The court expressly found that the Commonwealth's own investigation disclosed no fault on the part of Stranges, no impact on other motorists as a result of Stranges' driving, and no purpose in protecting the public by denying Stranges ARD disposition. Opinion, November 15, 1988, page 6. The trial court directed that the defendant be admitted to the ARD program. It is this order directing the attorney for the Commonwealth to admit Stranges to the ARD diversion program which we now review and reverse.

The formal purpose of the Superior Court is to maintain and effectuate the decisional law of the Supreme Court of Pennsylvania as faithfully as possible. *Commonwealth v. Dugger*, 506 Pa. 537, 545, 486 A.2d 382, 386 (1985). We begin and conclude our analysis with the law set forth in *Commonwealth v. Lutz*, 508 Pa. 297, 495 A.2d 928 (1985).

In *Lutz*, our Supreme Court assumed plenary jurisdiction over nine cases in neighboring judicial districts to consider whether a defendant may be admitted to ARD over the objection of the attorney for the Commonwealth. In all of the cases, the trial court, over objection, either ordered that the defendant be considered for admission to ARD or actually ordered such admission. After reviewing the theory of the program and its statutory mandate, 75 Pa.C.S. § 1552, the *Lutz* court examined subsection (d) of § 3731 of Title 75, the Motor Vehicle Code, relating to drunk driving. The court concluded that the ARD program relies upon the rules promulgated by our Supreme Court for the procedural implementation of the statutory program, except for providing that certain cases may *not* be submitted for ARD. *Lutz*, 508 Pa. at 305, 495 A.2d at 932.

The *Lutz* court declared that, under the Pennsylvania Rules of Criminal Procedure promulgated by our Supreme

Court, Rules 176—186, 42 Pa.C.S., district attorneys have the sole discretion in any criminal case, including drunk driving cases, to move for the admission of a defendant into ARD. *Id.* Although the exercise of that discretion had not been directly challenged in any of the nine consolidated appeals then before the court, the *Lutz* court did, in fact, address that issue, observing in pertinent part:

> Contrary to the view of the trial courts, we do not believe that only prior offenses related to drunk driving are relevant to admission to an ARD program. What is relevant in moving a particular defendant's admission to ARD is whether he is the type of person who can benefit from the treatment offered by an ARD program, not whether he had been in trouble with alcohol and an automobile before.

> This judgment, in turn, rests in the sound discretion of the district attorney. Such discretion, of course, is not without limitation, and ... may be usefully circumscribed by a requirement of openness..... In all of the cases consolidated herein, the prosecutors have openly specified their reasons for not submitting the cases for ARD, and those reasons, while they may be subject to disagreement as to their wisdom, do not amount to an abuse of discretion.

> Since the judgment about who can benefit from ARD is subjective, and since society may be seriously damaged by a wrong judgment, the district attorney is not to be faulted if he errs on the side of caution.

> . . . .

> In any event, the decision to submit the case for ARD rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admission to ARD wholly, patently and without doubt *unrelated* to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to

submit a case or not submit it for ARD consideration based upon his view of what is most beneficial for society and the offender.

*Id.,* 508 Pa. at 309–310, 495 A.2d at 934–35 (emphasis in text; citations omitted).

*Commonwealth v. Lutz* was decided in June, 1985, and since then this court has assiduously followed its teachings: *Commonwealth v. Burdge,* 345 Pa.Super. 187, 497 A.2d 1367 (1985) (court-established admission criteria in contravention of Supreme Court rules are invalid); *Commonwealth v. Brown,* 350 Pa.Super. 453, 504 A.2d 927 (1986) (no ineffectiveness from failure to file motion seeking to compel district attorney to nominate for ARD, since no right to demand; no abuse of discretion in denial); *Commonwealth v. Dougherty,* 351 Pa.Super. 603, 506 A.2d 936 (1986) (district attorney's discretion not unconstitutional; due process not violated by vesting in district attorney sole discretion to move admission into ARD); *Commonwealth v. Roeder,* 353 Pa.Super. 137, 509 A.2d 373 (1976) (prosecutor's discretion not abused by excluding applicant with thirteen-year old felony conviction); *Commonwealth v. Kiehl,* 353 Pa.Super. 353, 509 A.2d 1313 (1986) (remand to allow district attorney to openly specify reasons for nonsubmission); *Commonwealth v. Mowry,* 358 Pa.Super. 233, 516 A.2d 1270 (1986), *appeal denied* 515 Pa. 605, 529 A.2d 1080 (1987) (where district attorney's general considerations reasonable, particularized inquiry by court prohibited); *Commonwealth v. Ryan,* 358 Pa.Super. 459, 517 A.2d 1324 (1986), *appeal denied* 515 Pa. 577, 527 A.2d 538 (1987) (denial of motion to compel ARD not trial court error); *Commonwealth v. Ebert,* 369 Pa.Super. 318, 535 A.2d 178 (1987) (nonsubmission based upon prior juvenile record not abuse of discretion; equal protection not violated); *Commonwealth v. Knowles,* 373 Pa.Super. 203, 540 A.2d 938 (1988), *appeal denied* 520 Pa. 614, 554 A.2d 507 (1988) (.25 percent blood alcohol cutoff for ARD admission not unreasonable); *Commonwealth v. Paul,* 383 Pa.Super. 486, 557 A.2d 357 (1989)

(Bucks County policy of denying ARD to DUI operator involved in collision with another occupied vehicle upheld).

 Both the distinguished trial judge and Stranges place undue emphasis on the fact that Stranges' substantial likelihood of successful rehabilitation has not been disputed by the attorney for the Commonwealth. That Stranges has had no prior contacts with the criminal justice system and has indeed been recommended for the ARD program by the investigating officer is not dispositive of this appeal. Our Supreme Court in *Lutz* made it clear that the criteria for admission to an ARD program may relate to *either one* of two distinct areas of concern: "[1] the protection of society and/or [2] the likelihood of a person's success in rehabilitation." *Lutz*, 508 Pa. at 310, 495 A.2d at 935, set forth in context, above. In fashioning his program for admission into ARD, the Bucks County District Attorney has chosen to place the emphasis on the protection of society. We are not prepared to declare that the district attorney has abused the discretion lodged in that office when he suspends the prosecution of (and considers recommending for ARD) only that class of drivers not involved in an accident with another occupied vehicle.

Once it is determined that the general policy bears some rational relationship to the protection of the public, it is improper to consider the manner in which or the degree to which that acceptable policy affects a specific driver. As a panel of this court said in *Commonwealth v. Mowry, supra*, 358 Pa.Super. at 237, 516 A.2d at 1272:

Having found that the district attorney's considerations, in general, were reasonable, the trial court was no longer in a position to continue its inquiry. Whether the trial court would find a particular individual a likely candidate for ARD is simply not the question. At issue, is whether or not the district attorney abused his discretion. The court has failed to identify criteria relied upon by the Commonwealth "wholly, patently and without doubt unrelated to the protection of society and/or the likelihood of (appellees) success in rehabilitation, such as

66

race, religion or other such obviously prohibited consideration ... *Commonwealth v. Lutz,* 508 Pa. at 310, 495 A.2d at 935."

The facts arising in *Commonwealth v. Paul, supra,* are strikingly similar to the facts present on this appeal. In *Paul,* the motorist was charged with driving under the influence after he had struck an occupied vehicle stopped at an intersection. His blood alcohol count was .12 percent. Paul had an otherwise safe driving record, no prior criminal record, evidence of required insurance coverage, and possession of a valid operator's license. The driver of the struck motor vehicle had not been injured. Both the driver of the other vehicle and the arresting officer favored ARD treatment for Paul. His motion to compel placement in ARD contained all of this favorable information. The motion was refused by the trial court and Paul appealed to this court.

Essentially, the appellant in *Paul,* the motorist charged with DUI, argued that a district attorney should be required to "set off" or weigh purportedly mitigating factors against the considered policy of rejecting applications for ARD which otherwise do not meet the designated criteria. The appellant contended that the failure or refusal to conduct such a balancing analysis as a condition precedent to the exclusion determination constituted prosecutorial abuse. In rejecting that argument, the *Paul* panel stated:

Our efforts have been in vain to locate any authority, judicial or legislative, in this Commonwealth to support appellant's claim.... Neither *Lutz* and its progeny nor the cases preceding *Lutz* condones [sic] such requirement or restricts the prosecutor's discretion in the fashion now urged by appellant. The cases since *Lutz* have not broadened or restricted a District Attorney's discretion regarding the acceptance or rejection of persons into or from participation in an A.R.D. program. We see no reason to deviate from that line of reasoning now.

. . . .

This case presents no justification for diverging from established precedent. The policy of the Bucks County District Attorney of not considering for enrollment in the County A.R.D. program any person charged with driving under the influence ... who is involved in an accident with another occupied vehicle does not offend the twin purposes of A.R.D.—the rehabilitation of the offender and the protection of society—as contemplated by *Lutz* and the Rules of Criminal Procedure relating to A.R.D.

. . . .

We are unwilling to cast aside as mere fluff, as appellant would have us do, the policy of the Bucks County District Attorney circumscribing a candidate's acceptance into the County A.R.D. program. Instead, it is a valid and permissible expression of the sentiment of the Chief Prosecutor of that County and a proper and legal exercise of that public official's discretion.

383 Pa.Super. at 491, 492–93, and 498, 557 A.2d at 359, 360, and 362.

We discern only two differences between the circumstances in *Commonwealth v. Paul,* discussed above, and the present appeal. In *Paul,* the appeal was brought by the motor vehicle operator following a denial of his motion to compel placement in ARD. The appeal now before us is brought by the attorney for the Commonwealth from an order directing that the operator be admitted into the ARD program. Second, in *Paul,* the collision of the two occupied vehicles was clearly the "fault" of the appealing operator, Paul, inasmuch as the other vehicle was stopped at an intersection. In the present appeal, the investigating police officer testified at the preliminary hearing that he believed the operator involved in this appeal, Stranges, was wholly without "fault" and the other operator was completely at "fault." However, neither of these distinctions is relevant to a determination of whether an individual should be admitted to ARD.

■ An accused has no right to demand acceptance into the ARD program and cannot complain when he is precluded from participation. *Commonwealth v. Lutz, supra.* Pa.R.Crim.P. 176, 42 Pa.C.S. An ARD recommendation is solely the province of the prosecutor, and admission of an offender into the program is by the grace of the trial court upon the Commonwealth's motion. *Id.; Commonwealth v. Ayers,* 363 Pa.Super. 232, 525 A.2d 804 (1987). The attorney for the Commonwealth must be free to submit a case or not submit a case for ARD consideration based upon her or his view of what is most beneficial for society and the offender. *Lutz, supra.* Therefore, absent some abuse of the district attorney's sound discretion, the "fault" or "lack of fault" of the applicant is totally irrelevant.

In exercising its plenary jurisdiction in *Lutz* and its companion appeals, our Supreme Court declared:

> We conclude, therefore, that the rules of this Court governing ARD [Pa.R.Crim.P. 176—186], as modified by [75 Pa.C.S.] Section 3731(d).... are the sole applicable procedure by which a person charged with drunk driving may be admitted into ARD, and that no criminal defendant, including a person charged with drunk driving, may move his own admission to ARD.

508 Pa. at 312, 495 A.2d at 936. We find the rules and the Supreme Court's ruling in *Lutz* to be clear. There is no ambiguity. Were we to affirm the order of the trial court, which directed the attorney for the Commonwealth to admit Stranges into the ARD program, we would, in effect, be engaging in intermediate appellate court rule making. We declined that invitation in *Commonwealth v. Simmons,* 388 Pa.Super. 271, 278–80, 565 A.2d 481, 485 (1989). We decline that invitation here and now.

The order of November 15, 1988 directing that Jeffrey Stranges be admitted to the Bucks County ARD program was an intrusion upon the sound discretion of the attorney for the Commonwealth as established by the Rules of Criminal Procedure and declared by our Supreme Court in *Commonwealth v. Lutz.* Accordingly, we reverse the or-

der and remand this case for further proceedings consistent with the views expressed in this opinion.

Order reversed. Case remanded. Jurisdiction relinquished.

WIEAND, J., files a dissenting opinion.

KELLY, J., files a concurring statement.

WIEAND, Judge, dissenting:

I respectfully dissent. The policy of the District Attorney of Bucks County which refuses to consider for Accelerated Rehabilitative Disposition (ARD) any person charged with driving while under the influence of alcohol if he or she was involved in an accident with another occupied vehicle, irrespective of fault, is arbitrary, bears no relation to the protection of society or the potential for successful rehabilitation of the offender, and is contrary to the intent of the legislature as manifested in the provisions of 75 Pa.C.S. §§ 1552 and 3731. I would affirm the trial court which held that the District Attorney had abused his discretion by denying ARD to Jeffrey Stranges under the circumstances of this case.

At or about 1:38 a.m. on April 23, 1988, Stranges was operating a Ford pickup truck in a westerly direction on Route 563 in Rockhill Township, Bucks County. Proceeding in the opposite direction was an International Scout being operated by Marc H. Zeigler. Suddenly and without prior warning, the Zeigler vehicle crossed the center line of the highway and struck the oncoming Stranges truck. In the ensuing collision, both drivers were injured and removed by ambulance to Grandview Hospital. Only Stranges was injured seriously. Blood samples taken at the hospital revealed that Stranges had a blood alcohol content of .13%, and Zeigler had a blood alcohol content of .15%. Investigating police charged both drivers with driving while under the influence of alcohol. In addition, Zeigler was charged with a lane violation.

At the preliminary hearing, a charge that Stranges had violated 75 Pa.C.S. § 3731(a)(1)[1] was dismissed, but a charge that he had violated 75 Pa.C.S. § 3731(a)(4) by driving while the alcohol by weight in his blood exceeded 0.10% was returned to court. Stranges then requested the District Attorney to consider him for ARD, but Stranges was rejected solely because of the District Attorney's policy that ARD would not be considered for persons accused of driving while under the influence of alcohol if they had been involved in an accident with another occupied vehicle. Appellant then filed a petition to compel admission to ARD, on which the court held a full hearing. At this hearing, the arresting police officer testified that the accident had been the fault of Zeigler, the other driver, and recommended that Stranges be admitted into the ARD program. He said that because of ditches along the side of the road he was unable to say that Stranges could have avoided the accident. Indeed, there was no evidence whatsoever that appellee's consumption of alcohol had been related in any way to the happening of the accident. The court found that the district attorney had abused his discretion by blindly applying a policy which refused to consider a first offender for the ARD program if the offender had been involved in an accident.

In 1982, the legislature mandated an ARD program in each judicial district for persons charged with driving while under the influence of alcohol.[2] The only restrictions which the legislature placed on the availability of ARD in such cases were as follows:

1. The language of 75 Pa.C.S. § 3731(a)(1) makes it criminal for a person to operate a motor vehicle while he or she is "under the influence of alcohol to a degree which renders the person incapable of safe driving."

2. The statutory mandate is as follows:
 The court of common pleas in each judicial district and the Municipal Court of Philadelphia shall establish and implement a program for Accelerated Rehabilitative Disposition for persons charged with a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) in accordance with the provisions of this chapter and rules adopted by the Supreme Court. 75 Pa.C.S. § 1552.

The attorney for the Commonwealth shall not submit a charge brought under this section for Accelerated Rehabilitative Disposition if:

(1) the defendant has been found guilty of or accepted Accelerated Rehabilitative Disposition of a charge brought under this section within seven years of the date of the current offense;

(2) the defendant committed any other act in connection with the present offense which, in the judgment of the attorney for the Commonwealth, constitutes a violation of any of the specific offenses enumerated within section 1542 (relating to revocation of habitual offender's license); or

(3) *an accident occurred in connection with the events surrounding the current offense and any person, other than the defendant, was killed or seriously injured as a result of the accident.*

75 Pa.C.S. § 3731(d) (emphasis added). It is evident from this statutory language that the legislature did not deem the mere happening of an accident a sufficient basis on which to bar ARD unless a person other than the defendant "was killed or seriously injured as a result of the accident." Despite this clear expression of legislative intent, the District Attorney in Bucks County has rewritten the statute to prohibit the availability of ARD for *any* DUI defendant who has been involved in an accident with another vehicle, even where the accident was a minor fender bender and the defendant was free from fault in causing the accident. Because of this policy, the District Attorney in Bucks County refuses even to consider whether society and/or the offender will be better served by admitting an accused to ARD under such circumstances. I am unable to join my distinguished colleagues who perceive in such a policy neither arbitrariness nor an abuse of discretion.

The Supreme Court, in *Commonwealth v. Lutz*, 508 Pa. 297, 495 A.2d 928 (1985), held that the decision to submit a case for ARD was vested in the sound discretion of the

district attorney. In this manner the Court sought to ensure that

> no criminal defendant will be admitted to ARD unless the party to the case who represents the interests of the Commonwealth, the district attorney, has made the determination that a particular case is best handled by suspending the prosecution pending the successful completion of a diversionary ARD program. Society has no interest in blindly maximizing the number of ARD's passing through the criminal justice system, and the criminal defendant has no right to demand that he be placed on ARD merely because any particular offense is his first. Rather, society, for its own protection, has an interest in carrying out the penalties prescribed by the legislature for drunk driving, *except in the cases where even society's representative in the case, the district attorney, acting in conjunction with the court, and subject always to the restrictions set out in Section 3731(d) (concerning persons who may not be admitted to ARD) determines that ARD is preferable to conviction because of the strong likelihood that a given criminal defendant will in fact be rehabilitated by an ARD program.*

*Id.*, 508 Pa. at 307, 495 A.2d at 933 (emphasis added).

The discretion vested in the District Attorney, however, is not unlimited. In addition to the restrictions imposed by statute, the discretion of a district attorney is limited by his or her obligation to decide in each particular case whether ARD is "preferable to conviction because of the strong likelihood that a given criminal defendant will in fact be rehabilitated by an ARD program." *Id.* It constitutes an abuse of the district attorney's discretion to apply "some criteria for admission to ARD wholly, patently and without doubt unrelated to the protection of society and/or the likelihood of a person's success in rehabilitation...." *Id.*, 508 Pa. at 310, 495 A.2d at 935. See also: *Commonwealth v. Ebert*, 369 Pa.Super. 318, 322, 535 A.2d 178, 180 (1987) (district attorney's reasons for denying ARD must relate to

protection of society or to likelihood of candidate's success-ful rehabilitation).

In the instant case, the district attorney refuses to consider the possibility that appellee can be rehabilitated by participation in ARD and the public benefitted thereby. He does so because of a policy adopted by him which is unwarranted by statute or judicial decision. According to this policy, even a driver having a blood alcohol content of 0.10% will not be considered for ARD in Bucks County if he or she should be so unfortunate as to be struck in the rear while stopped at a stop light. Such policy is arbitrary and, in my judgment, violates the exercise of discretion required in individual cases by the Supreme Court in *Lutz.* See: *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976) (where judges agreed on policy that sentence for sale of heroin would be imprisonment for three to ten years, without consideration being given to defendant's individual characteristics, sentence imposed pursuant to such policy was illegal). The District Attorney's policy in this case is also contrary to the manifest intent of the legislature.

I agree with the trial court that to apply such a policy blindly, as the district attorney did in this case, was an abuse of discretion. I would affirm the order of the trial court.

KELLY, Judge, concurring:

I join in the excellent majority opinion of Judge Johnson. I write separately to address briefly some additional matters raised by this case.

### *Jurisdiction*

This case has been taken on direct appeal without allowance of interlocutory appeal by permission. Implicit in our exercise of jurisdiction in this case is a conclusion that an appeal from an order granting ARD over the Commonwealth's objection is effectively final, even though an order granting ARD with the consent of the Commonwealth and the defendant is deemed interlocutory. *Cf. Commonwealth*

*v. Feagley*, 371 Pa.Super. 593, 538 A.2d 895 (1988); *Commonwealth v. Hunter*, 294 Pa.Super. 52, 439 A.2d 745 (1982). The critical distinction between *Feagley* and *Hunter* and this case may be explained as follows.

Orders *denying* acceptance into ARD are not final because the challenge to the denial of ARD properly may be brought following trial if a conviction results. *See Commonwealth v. Hunter, supra; cf. Commonwealth v. Roeder*, 353 Pa.Super. 137, 509 A.2d 373 (1986). Orders *granting* admission to ARD, acquiesced in by the Commonwealth and accepted by the defendant, are interlocutory because the parties have expressly agreed to have the charges held in abeyance pending completion or revocation of ARD. *See Commonwealth v. Feagley, supra*. When ARD is granted over an objection by either the Commonwealth or the defendant, however, any appeal would be rendered moot before appellate review could be had by the objecting party. That is the critical distinction.

In *Feagley*, this author opined:

Generally, an immediate appeal may only be taken from a final order. Pa.R.A.P. 341. A final order is one which disposes of the entire case *or puts an appellant out of court* with respect to a claim. *Commonwealth v. Wills*, 328 Pa.Super. 342, 476 A.2d 1362 (1984). In the instant case, appellant elected (wisely or not) to permit the charges against him to be held in *in abeyance;* the charges are not disposed of and he is not out of court on his claims. Thus, the order in question is not immediately appealable as a final order.

Alternatively, even if an order is an interlocutory order rather than a final order, immediate appeal by right may be taken if the order is one of the types of interlocutory orders listed in Pa.R.A.P. 311. The instant order, however, is not.

Consequently, the order in question is only appealable by right during appellant's participation in the ARD program if the order is appealable under the three prong *"Cohen* exception" to the final order rule, also referred to as the

"collateral order doctrine." *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). The *Cohen* exception provides that an interlocutory order may be immediately appealed if: 1) the order is separable from and collateral to the main cause of action; 2) the right involved is too important to be denied review; and 3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. *See Fried v. Fried*, 509 Pa. 89, 94, 501 A.2d 211, 214 (1985); *see also Zarnecki v. Shepegi*, 367 Pa.Super. 230, 532 A.2d 873 (1987). To qualify under the *Cohen* exception, all three factors must be met. *See Fried v. Fried, supra,* 501 A.2d at 214; *Commonwealth v. Bonaparte*, 366 Pa.Super. 182, 184–185 n. 1, 530 A.2d 1351, 1352 n. 1 (1987) (applying the *Cohen* test). In the instant case, *any irreparable loss of appellant's ability to challenge the ARD conditions is clearly the result of appellant's election and not the order appealed.* Consequently, I do not find this case to be appealable under the *Cohen* exception.

538 A.2d at 902. (Emphasis added). This limitation on the *plurality* decision highlights the critical distinction between *Feagley* and the instant case. In this case, unlike the situation in *Feagley*, appellee was admitted to ARD *over the Commonwealth's objection.* Because the delay in review in this case was *not* occasioned by an order to which the Commonwealth consented, *Feagley* is distinguishable and this case comes within the *Cohen* exception.

Finally I note that this Court and our Supreme Court have previously entertained direct appeals in virtually identical cases (where ARD have been granted over Commonwealth objections) *without* finding the permissive interlocutory review practice applicable or required. *See Commonwealth v. Lutz, supra; Commonwealth v. Mowry*, 358 Pa.Super. 233, 516 A.2d 1270 (1986); *Commonwealth v. Kiehl*, 353 Pa.Super. 353, 509 A.2d 1313 (1986). Thus, this appeal is properly before this Court for review.

*Alleged Arbitrariness of the ARD Policy*

The dissent contends that the restrictive ARD policy of the Bucks County District Attorney was arbitrary and contrary to the intent of the legislature. I respectfully disagree.

In *Commonwealth v. Lutz,* 508 Pa. 297, 495 A.2d 928 (1985), our Supreme Court stated unequivocally:

> ... the decision to submit the case for ARD rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admission to ARD wholly, patently and without doubt *unrelated* to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender.

495 A.2d at 395. (Emphasis in original). The duly elected District Attorney of Bucks County Pennsylvania has decided that ARD shall not be available in Bucks County to any individual involved in a two (or more) vehicle accident while driving under the influence (DUI), regardless of fault or faultlessness on the part of the drunk driver in the causation of the accident.

The investigating officer in this case recommended ARD based upon his conclusion that:

> Stranges was completely free from fault in causing the accident. Moreover, due to the curve in the road and ditches alongside the road, it was impossible for the Stranges to avoid the accident.

(N.T. 9/15/88 at 10–11).

Perhaps *in this case* the officer's conclusions may be warranted, though I must confess a lingering skepticism with respect to the degree of certitude expressed by the officer as to the potential for Stranges to have avoided the accident had he been sober. Was the speed so fast, the

curve so sharp, the ditch so deep, and the danger so immediate that an alert and sober driver could not have ditched his car or otherwise avoided and/or minimized the collision? Are accident reconstruction techniques so precise? I have my doubts; and, apparently the District Attorney of Bucks County had his. (*See* N.T. 9/15/88 at 9–12) (questioning by the assistance district attorney of the investigation officer upon this issue). Regardless, it is the legitimacy of the policy in the aggregate of cases which is at issue here, and not solely its application to the facts of this case.

That a bright line rule may reap beyond the purpose for which it was sown is often a regrettable but unavoidable consequence of such rules. That fact, however, does not render such rules arbitrary or capricious.

Here, the District Attorney's bright line rule promotes prompt and predictable prosecutorial triage regarding recommendations of ARD in DUI accident cases by avoiding entirely the often problematic issue of causation. I find no abuse of discretion in the Bucks County Prosecutor's decision to decline to devote limited investigative and prosecutorial resources to the difficult task of separating fault involving from purely faultless accidents in deciding which DUI cases to recommend for ARD.

Moreover, such a policy might reasonably be based on a belief that one embarrassing miscalculation regarding the attribution of fault in such cases could easily so enrage the public as to endanger the continued allowance of ARD for *any* DUI cases in that county. There have been counties in this Commonwealth were ARD was simply not available in *any* DUI cases, largely as the result of public opinion in those counties regarding the seriousness of DUI offenses. *Cf. Commonwealth v. Kindness,* 247 Pa.Super. 99, 371 A.2d 1346 (1977).[1] In sum, I find the challenged policy to be

1. Unlike the dissent, I do not read 75 Pa.C.S.A. § 1552 to express an intent by the legislature to overturn *Kindness* or to otherwise restrict the prosecutor's discretion over ARD in DUI cases. The statute mandates that a *procedure* be set forth; it is silent as to the conditions

well within the legitimate bounds of prosecutorial discretion.

With these observations noted, I join the majority.

for admission to be required and expressly defers to the Supreme Court's rule making authority on this point. The Supreme Court in turn, has vested broad discretion in the prosecutors. As explained above, I find no abuse of that discretion here. Significantly, *Lutz* (which was decided after § 1552 was enacted by the legislature) expresses no such limitations on prosecutorial discretion.