## Commonwealth v. Mumma

*Albert H. Masland, assistant district attorney,* for the Commonwealth.
*Ron Turo,* for defendant.

HESS, *J.,* December 20, 1991—On February 3, 1991, the defendant, Edward S. Mumma, was arrested in Upper Allen Township, Cumberland County, Pennsylvania, for driving under the influence and a failure to operate his vehicle within his lane of travel. A subsequent blood test revealed a blood alcohol level of .12 percent. Following a preliminary hearing in March of 1991, the case was bound over to court. The arresting officer indicated, initially, his consent to the entry of the defendant into the ARD program.

Following the preliminary hearing, the District Attorney's Office conducted a routine review of the case for consideration of entry into ARD. The District Attorney's Office determined that the defendant was not eligible and his case was listed for arraignment. Arraigned in July of 1991, the defendant's case was set for trial during the September term. On August 6, 1991, counsel for the defendant requested reconsideration for entry into the ARD program from Albert H. Masland, assistant district attorney responsible for the ARD program. The case was continued from the September term to give the district attorney an opportunity to re-evaluate his decision. On October 22, 1991, the defendant was again informed that the District Attorney's Office would not accept him into the ARD program. There-

after, the instant motion for reconsideration of ARD denial was filed with the court and hearing was held thereon.

## DISCUSSION

The authority of the district attorney in determining eligibility for admission into ARD has been dealt with by our appellate courts in several decisions. The Pennsylvania Supreme Court has held in *Commonwealth v. Lutz,* 508 Pa. 297, 495 A.2d 928 (1985) that the district attorney has the sole discretion in this regard. The *Lutz* case dealt with nine cases and separate defendants which matters were consolidated for disposition before the Supreme Court. In all of the cases, the prosecutors "openly specified their reasons for not submitting the cases for ARD, and those reasons, while they may be subject to disagreement as to their wisdom," did not, according to the Supreme Court, amount to an abuse of discretion. *Lutz, supra,* at 310, 495 A.2d at 934. These reasons included a prior ARD for receiving stolen property, prior convictions for criminal trespass and theft, a prior ARD disposition for driving under the influence, other Motor Vehicle Code offenses, including fleeing a police officer, a prior conviction of pool selling and bookmaking, a charge with driving without a license as part of the same drunk driving transaction, etc. In upholding the discretion of the district attorney, the Supreme Court said:

"Since the judgment about who can benefit from ARD is subjective, and since society may be seriously damaged by a wrong judgment, the district attorney is not to be faulted if he errs on the side of caution. After all, the offenses with which the accused are charged in these cases involved the

risking of the lives of themselves and others, and it may well be that some offenders are better rehabilitated by a mandatory jail sentence and a temporary loss of their license than a program of treatment and instruction.

"In any event, the decision to submit the case for ARD rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admission to ARD wholly, patently and without doubt *unrelated* to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender." (emphasis in original) *Id.* at 310, 495 A.2d at 934-935.

The legal principles as set forth in *Lutz* have remained in tact. They were more recently reiterated in *Commonwealth v. Stranges,* 397 Pa. Super. 59, 579 A.2d 930 (1990). That case dealt with the open policy of the Bucks County district attorney to withhold a diversion from criminal prosecution into ARD from any person charged with drunk driving if that person was involved in an accident of any kind with another occupied vehicle, regardless of fault. It was generally agreed in that case that while Stranges was under the influence of alcohol when involved in the motor vehicle accident, the accident was not his fault. In applying the holding in *Lutz* to the case at hand, the Superior Court said:

"Our Supreme Court in *Lutz* made it clear that the criteria for admission to an ARD program may relate to *either one* of two distinct areas of concern: '[1] the protection of society and/or [2] the likelihood of a person's success in rehabilitation.' *Lutz,* 508 Pa. at

310, 495 A.2d at 935, set forth in context, above. In fashioning his program for admission into ARD, the Bucks County district attorney has chosen to place the emphasis on the protection of society. We are not prepared to declare that the district attorney has abused the discretion lodged in that office when he suspends the prosecution of (and considers recommending for ARD) only that class of drivers not involved in an accident with another occupied vehicle.

"Once it is determined that the general policy bears some rational relationship to the protection of the public, it is improper to consider the manner in which or the degree to which that acceptable policy affects a specific driver. As a panel of this court said in *Commonwealth v. Mowry, supra,* 358 Pa.Super. at 237, 516 A.2d at 1272:

"'Having found that the district attorney's considerations, in general, were reasonable, the trial court was no longer in a position to continue its inquiry. Whether the trial court would find a particular individual a likely candidate for ARD is simply not the question. At issue, is whether or not the district attorney abused his discretion. The court has failed to identify criteria relied upon by the Commonwealth "wholly, patently and without doubt unrelated to the protection of society and/or the likelihood of (appellees) success in rehabilitation, such as race, religion or other such obviously prohibited consideration. . . ." *Commonwealth v. Lutz,* 508 Pa. at 310, 495 A.2d at 935.'" *Id.* at 65-66, 579 A.2d at 933.

In this case, the district attorney carefully considered Mr. Mumma's admission into ARD. The review indicated no criminal record in Cumberland County either as an adult or a juvenile. There were no summary offenses which excluded Mr. Mumma

as a matter of statutory law. It was noted, however, that Mr. Mumma had been convicted in 1984 of a retail theft offense. He had also been charged in 1988 with the offense of homicide by vehicle. When that charge was discovered, according to Mr. Masland, the following inquiries ensued:

"When that came across initially, Sonya Stiver, in our office, followed up on that to find out what happened, because there was no disposition. It was just down as homicide by vehicle, misdemeanor one, disposition not received.

"She followed up on that and determined that he had pled guilty to driving under suspension, and also driving at safe speed, that the homicide by vehicle, and there was DUI related in'this case, that the homicide by vehicle, DUI related charge, was dismissed because the victim was Mr. Mumma's brother.

"I also looked at his driving record, which was certainly not the best record. There was an accident in July of 1988, February of 1988, and June of 1985. And he also had five summary offenses within the past five years. But when it came time to determine whether or not he was eligible for ARD, I discussed the case with Mike Eakin. I don't always do that. He is the district attorney in Cumberland County for the record.

"I discussed the case with him. And it was determined that this would not be appropriate based primarily on the prior driving under the influence incidents. I have also had the opportunity and took the opportunity to contact the police department, this was the Manchester Police Department in Lancaster County, and I discussed the case with Sergeant Snavely of that department who confirmed what I had been told by Sonya Stiver, that this was a homicide by vehicle, DUI related. The charges

were dropped because Mr. Mumma's brother was the deceased. And that there was no legal blood in this case, however, there was blood drawn for medical purposes. And that was not pursued again. They dropped it because of the relationship between the defendant and his brother." N.T. 8, 9.

The primary thrust of the defendant's complaint in this case is that the decision to enter him into the ARD program was highly individualized. In other words, he was not excluded by virtue of the application of any "bright line" or generalized exclusion policy applicable to all persons similarly situated. The Commonwealth explains this, in part, by noting that there have been no other cases in Cumberland County quite like Mr. Mumma's. Because the prior appellate cases have dealt with generalized or uniformly applied policies, the defendant concludes that individualized review of cases is not permitted under *Lutz* and its progeny. We read the appellate cases, however, to provide that the district attorney may deny ARD admission to anyone *unless* the criteria involved are "wholly, patently, and without doubt unrelated to the protection of society and/or the likelihood of a person's success in rehabilitation." *Commonwealth v. Lutz, supra,* at 310, 495 A.2d at 935.

In this case, Mr. Masland concedes that he did not reflect, specifically, upon the question of whether Mr. Mumma, himself, represented a threat to society. Instead, Mr. Masland investigated a prior incident involving Mr. Mumma in which drinking and driving had been involved. The district attorney went on to conclude:

"If anything, we felt that this incident should and would hopefully wake him up as to what happened in 1988 and what happened this time so it doesn't happen again. But in conjunction with that, we felt

that an ARD program would not emphasize that as much as it should be emphasized." N.T. 18.

We find no support, in the law, for the proposition that there may not be individualized consideration for entry into ARD. Obviously, if generalized criteria were applied to one person but not to another, in a completely arbitrary pattern, then the denial of ARD would involve, by definition, "obviously prohibited considerations." That generalized criteria for admission into ARD should be uniformly and fairly applied does not suggest that individualized consideration cannot occur nor that a person cannot be excluded from ARD on a very narrow set of facts unique to that person's case. In that regard, we believe that discretion reposes with the district attorney.

## ORDER

And now, December 20, 1991, the motion of the defendant for reconsideration of ARD denial is dismissed.