COMMONWEALTH of Pennsylvania, Appellant,

v.

**Frank A. PYPIAK, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 8, 1998.

Filed April 20, 1999.

Peter Paul Olszewski, Jr., Dist. Atty., and Frank P. Barletta, Asst. Dist. Atty., Wilkes-Barre, for Commonwealth.

Franklin E. Kepner, Jr., Berwick, for appellee.

Before DEL SOLE, STEVENS and ORIE MELVIN, JJ.

DEL SOLE, J.:

¶ 1 The Commonwealth appeals from an order directing Appellee's admission into an Accelerated Rehabilitative Disposition (ARD) program. The sole issue raised on appeal is whether the trial court erred in ordering Appellee's admission into the program. We reverse.

¶ 2 Appellee was charged with two counts of driving under the influence, 75 Pa.C.S.A. § 3731(a)(1) and 75 Pa.C.S.A. § 3731(a)(4)(i) and applied for Accelerated Rehabilitative Disposition (ARD). The Luzerne County District Attorney denied the application following the arresting officer's objection to the request. Appellee's application for reconsideration was denied by the District Attorney but was subsequently granted by the trial court and the Commonwealth filed this appeal.

¶ 3 In its opinion, the trial court recognized that admission into an ARD program is

a privilege and that it is within the District Attorney's discretion to determine whether an individual should be admitted into an ARD program. The court noted that it is the policy of the Luzerne County District Attorney to refuse a defendant's request for ARD where the arresting officer objects, but the court held it is the District Attorney's responsibility to provide facts to support its decision in denying an application for ARD. In the instant case, however, the trial court found that because the District Attorney offered no facts or reasons for denial of Appellee's application, it had no basis on which to decide whether the District Attorney abused his discretion and, therefore, it granted Appellee's application.

¶ 4 In *Commonwealth v. Lutz*, 508 Pa. 297, 495 A.2d 928 (1985), our Supreme Court held:

[T]he decision to submit a case for ARD rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admission to ARD wholly, patently and without doubt *unrelated* to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion, or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender.

*Id.* at 935 (citations omitted). The *Lutz* case recognized the broad discretion that a prosecutor has in considering a defendant for ARD. A defendant's inclusion into an ARD program is a joint effort between the prosecutor and the trial court. "An ARD recommendation is solely in the province of the prosecutor, and admission of an offender into the program is by the grace of the trial court upon the Commonwealth's motion." *Commonwealth v. Stranges*, 397 Pa.Super. 59, 579 A.2d 930, 934 (1990). Even when the Commonwealth motions for a defendant's admission into an ARD program, the trial court can deny admission. However, the trial court cannot admit a defendant to ARD without the Commonwealth's motion unless there

is an abuse of the district attorney's discretion. *Id.* at 935.

¶ 5 A District Attorney's decision will constitute an abuse of discretion when it is based on a general policy that is unrelated to the protection of society or a general policy that is based on race, religion, or other prohibited considerations. *Lutz* at 935. In this case, Appellee has not specified how the District Attorney's decision in this matter is unrelated to the protection of society or based on race, religion, or other prohibited considerations. Also, it is not clear from the record what general policy the District Attorney employs when admitting or denying a defendant to ARD, but that by itself does not indicate an abuse of authority.

¶ 6 Although the District Attorney's general policy is not clear, the trial court wrongly concluded that the prosecutor had to supply facts to support his decision to reject the defendant for ARD. A prosecutor has full discretion to reject a defendant for ARD and need not supply reasons for the decision to reject the defendant. *Commonwealth v. Morrow*, 437 Pa.Super. 584, 650 A.2d 907, 911 (1994). The trial court wrongly concluded that it was incumbent upon the District Attorney to establish that no abuse of discretion occurred when he refused Appellee's admission to ARD. Rather, Appellee, as the petitioner, had the burden to establish that the District Attorney's denial of his request for admission to the ARD program was based on prohibited reasons.

¶ 7 Appellee claims that an improper reason formed the basis of his rejection into the ARD program. As stated by his counsel:

We do not believe that the Commonwealth's position, simply that the police officer's objection, is proper. For that reason, we are requesting the Court to order that Mr. Pypiak be placed into the ARD program. (March 2, 1998, N.T. at 3, R.R. 6a)

¶ 8 However, the trial transcript in this case indicates that the prosecutor only "considered" the arresting officer's preference for rejection to ARD as a part of his discretionary analysis. Mr. Olszewski, the District

Attorney of Luzerne County, testified to the following:

> Mr. Olszewski: Yes, I personally discussed the matter with the trooper, Your Honor. It was not a matter of the trooper simply articulating an objection and no discretion being used. I listened to the reasons he indicated to me. I considered those reasons ...

> Mr. Olszewski: I listen to the trooper's objections and the basis for those objections, then use my discretion and judgment as to whether I believe the reasons articulated by the trooper are appropriate.

> THE COURT: Then you decide whether you are going to do it or not?

> Mr. Olszewski: Correct.

N.T., 3/2/98, at 13, 14.

It is of no merit that the trial court did not know the facts which the officer relayed to the prosecutor, and which were relied upon by the prosecutor when considering Appellee's ARD request.[1] It was only necessary that the prosecutor used his discretion in considering the police officer's information and did not blindly follow the officer's suggestion. Because the trial court did not recognize this when it ordered Appellee's admission into the ARD program, it is necessary to reverse the trial court's order.

¶ 9 Order reversed. Jurisdiction relinquished.

---

**1.** The Commonwealth mentions in its brief the factual basis for the prosecutor's considerations. It states, "Conville (arresting officer) indicated that Defendant was uncooperative at the time of arrest, and that Conville received various solicitations to fix the case for Defendant". *Commonwealth's Brief* at 8. Because this information is not contained in the trial court record, we cannot and will not consider it.