J-A22044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FERNANDO CARRASCO | |
| Appellant | No. 1966 MDA 2015 |

Appeal from the Judgment of Sentence October 13, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002110-2014

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED SEPTEMBER 16, 2016**

Appellant, Fernando Carrasco, appeals from the judgment of sentence imposed in the Luzerne County Court of Common Pleas, following his bench trial conviction for one count of driving under the influence of alcohol ("DUI").[1]  Specifically, Appellant challenges the pre-trial order that denied his motion to compel the District Attorney to place Appellant in an accelerated rehabilitative disposition ("ARD") program.  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises the following issue for our review:

---

[1] 75 Pa.C.S.A. § 3802(b).

DID THE TRIAL COURT COMMIT ERROR OF LAW WHEN IT DENIED [APPELLANT'S] PRE-TRIAL MOTION TO COMPEL THE DISTRICT ATTORNEY TO FAVORABLY CONSIDER [APPELLANT'S] APPLICATION FOR ARD AND/OR RULE THAT THE DENIAL OF SUCH REQUEST FOR ARD CONSIDERATION WAS AN ABUSE OF DISCRETION[?]

(Appellant's Brief at 1).

The relevant scope and standard of review is as follows:

ARD is a privilege, not a right, and the decision to submit a matter for ARD is in the sole discretion of the district attorney. While the district attorney's discretion is broad, and appellate review of such decisions is narrow, the district attorney's power is not completely unfettered and is subject to the following judicially imposed restrictions: 1) an open, on-the-record specification of reasons which are 2) related to society's protection or the defendant's rehabilitation. Where, however, the decision to reject an ARD candidate is wholly, patently and without doubt unrelated to the protection of society and/or the likelihood of the candidate's success in rehabilitation, the district attorney has abused his discretion.

An abuse of discretion is established where the decision to reject a person for ARD is based, for example, on race or religion. However, any policy rationally related to society's protection or an individual's ability to succeed under the program is acceptable and is not considered an abuse of discretion.

*Commonwealth v. Morrow*, 650 A.2d 907, 910-11 (Pa.Super. 1994), *appeal denied*, 540 Pa. 648, 659 A.2d 986 (1995) (internal citations and quotation marks omitted). An international driver's license or permit does not give a Pennsylvania resident a legal right to operate a motor vehicle in Pennsylvania. *Commonwealth v. Soder*, 905 A.2d 502, 503 (Pa.Super. 2006).

After a thorough review of the record, the briefs of the parties, the

applicable law, and the well-reasoned opinion of the Honorable Joseph M. Augello, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed December 30, 2015, at 3-4) (finding: Appellant did not have valid Pennsylvania or Mexican driver's license at time of incident; Appellant's international driver's license conferred no official status; Appellant had been resident of Pennsylvania for many years and would have been eligible to apply for Pennsylvania license; Appellant was on notice that he was driving without a valid Pennsylvania driver's license; Commonwealth appropriately denied recommendation to ARD program to protect public by ensuring only licensed drivers operate vehicles on Pennsylvania roads; therefore, Commonwealth did not abuse its discretion by denying recommendation to ARD program). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/16/2016

- 3 -

COMMONWEALTH OF PENNSYLVANIA    :    IN THE COURT OF COMMON
PLEAS

                                      :        OF LUZERNE COUNTY

        v.                              :

                                        :

FERNANDO CARRASCO,              :        CRIMINAL DIVISION

                                        :            3110

        Defendant              :     NO.     ~~2119~~   OF     2014

## OPINION ISSUED PURSUANT TO PA. R.A.P.1925 (a)

### I.    Factual and Procedural Background

Defendant was charged with Count 1- Driving Under the Influence, General Impairment, Incapable of Driving Safely, 1st Offense {75 Pa. C.S. § 3802 (a) (1)} and Count 2- Driving Under the Influence, High Rate of Alcohol (BAC .10-.16), 1st Offense {75 Pa. C.S. § 3802 (b)}. Defendant's blood alcohol content was 0.120% at the time of the incident. On June 12, 2014, Defendant waived his preliminary hearing. On September 12, 2014, Defendant was arraigned. On November 7, 2014, Defendant submitted an ARD application. In early 2015, the District Attorney's Office denied Defendant's ARD application. Defendant re-submitted an ARD application, which was again denied in June 2015. Defendant filed a Motion to Compel the District Attorney to Place the Defendant on the ARD Program on June 29, 2015, which was denied by this Court on September 2, 2015.

A bench trial was held on September 2, 2015, at which Defendant was found guilty by this Court of Count 2, but not guilty of Count 1. Sentencing occurred on October 13, 2015, at which Defendant was sentenced to six months of intermediate punishment under the supervision of the Luzerne County Adult Probation and Parole. This Court ordered forty-eight (48) hours house-arrest with electronic monitoring, but gave the Defendant credit for the house arrest with

1

electronic monitoring of three days to be spent in incarceration, therefore no further electronic monitoring was required. Additional terms of Defendant's intermediate punishment included:

1. Enrolling, attending, and completing the Alcohol Highway Safety Program;

2. Participating in all treatment recommendations;

3. Refraining from driving a motor vehicle during any periods of suspension imposed by the Department of Transportation;

4. Suspension of a driver's license imposed administratively by the Department of Transportation; and

5. Paying a fine of $500 plus the costs of administration.

On or about November 3, 2015, Defendant filed a Notice of Appeal from the judgment of sentence which became final on October 13, 2015. Subsequently, this Court ordered that the Defendant file a Concise Statement of Errors Complained of on Appeal pursuant to PA. R.A.P. 1925(b). Defendant filed his Concise Statement on December 21, 2015, which stated that the issue Defendant intends to raise on appeal is as follows: "[w]hether the trial court erred when it found that the Commonwealth did not abuse its discretion when it denied Defendant's Accelerated Rehabilitative Disposition (ARD) application where the Commonwealth relied on prohibitive considerations?" On December 28, 2015, the Commonwealth filed its Response to Defendant's Concise Statement of Errors Complained of on Appeal.

This brief opinion pursuant to Pa. R.A.P. 1925(a) follows. Citations (N.T.) are to the trial transcript of September 2, 2015.

## II. Legal Discussion

The general rule under Pa. R.A.P. 1925(a) entitled "Opinion in Support of Order" states:

2

Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who

entered the order giving rise to the notice of appeal, **if the reasons for the order do not already appear of record,** shall forthwith file of record **at least a brief opinion** of the reasons

for the order, or for the rulings or other errors complained of, **or shall specify in writing the**

**place in the record where such reasons may be found.** (emphasis added).

The district attorney has the sole discretion to recommend an individual for the Accelerated Rehabilitative Disposition (ARD) Program. *Com. v. Cline*, 800 A.2d 978, Super.2002, appeal denied 822 A.2d 703, 573 Pa. 676 (2002). The district attorney may base its decision to grant or deny admission of a defendant to the ARD program on any consideration related to the protection of society and/or the likelihood of a person's success in rehabilitation. *Id.*; *Com. v. Sohnleitner*, 2005 Pa.Super 327, 884 A.2d 307 (2005). Individualized consideration for the ARD program may occur, and a defendant may be excluded from the program on a very narrow basis regarding the facts unique to that defendant's case. *Com. v. Mumma*, 13 Pa. D. & C. 4th 32, 1991 WL 474874, Unreported (1991). The district attorney's rejection of an ARD application must be "wholly, patently, and without doubt unrelated to the protection of society or to the likelihood of the candidate's success in rehabilitation" to be considered an abuse of discretion, and allow the trial court to admit the individual to the program. *Com. v. Lutz*, 508 Pa. 297 (1985); *Com. v. Morrow*, 650 A. 2d 907, 437 Pa.Super. 584, Super.1994, appeal denied 659 A.2d 986, 540 Pa. 648 (1994).

Defendant did not have a valid Pennsylvania driver's license at the time of this incident. Similarly, the Defendant did not have a valid Mexican driver's license at the time of this incident. The Defendant did have an international license, however such a license confers no

3

official status. *Id.* Defendant has been a resident of Pennsylvania for many years, and would have been eligible to apply for a Pennsylvania driver's license. *Id.*

On September 2, 2015, this Court heard argument from the Commonwealth and from counsel for the Defendant, and found no abuse of discretion on the part of the Commonwealth, stating that the Commonwealth had appropriately denied recommendation of the ARD program in order to protect the public by ensuring that only licensed drivers operate vehicles on Pennsylvania roads. (N.T. at 10). This Court additionally acknowledged that the Defendant was on notice that he was driving without a Pennsylvania license. *Id.* Therefore, the Commonwealth did not abuse its discretion when it denied the Defendant's application to the ARD program because the Defendant did not possess a valid Pennsylvania driver's license at the time of his arrest. Accordingly, for the reasons set forth herein above and on the record, this Court properly denied the Motion to Compel the District Attorney to place the Defendant on the ARD Program.

**ORDER IS ATTACHED SEPARATELY AS PAGE NO. 5**