J-S77045-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| TYLER CHRISTIAN SLATOFF, | : | |
| | : | |
| Appellee | : | No. 1792 EDA 2018 |

Appeal from the Order Entered June 6, 2018
in the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003295-2017

BEFORE:    OTT, J., DUBOW, J. and STRASSBURGER, J.*

DISSENTING MEMORANDUM BY STRASSBURGER, J.:**FILED JUNE 11, 2019**

Because I find that the trial court erred in concluding that the Commonwealth abused its discretion, I respectfully dissent.

On April 27, 2017, Tyler Christian Slatoff was arrested for driving under the influence (DUI) of alcohol, Xanax, and marijuana in Chester County. Slatoff, who was under the age of 21 at the time, was charged with DUI,[1] disregarding traffic lanes, careless driving, accident involving damage to unattended vehicle or property, and underage drinking, following an incident where the police were notified of a driver who had failed to stop

_____

[1] Specifically, Slatoff was charged six times under the DUI statute: minor; controlled substance – impaired ability; controlled substance – combination of drugs and alcohol; controlled substance – Schedule I; controlled substance – metabolite; and general impairment.  ***See*** 75 Pa.C.S. § 3802(a)(1), (d)(1)(i), (d)(1)(iii), (d)(2), (d)(3), (e).  All charges were labeled as a first offense.

_____

*Retired Senior Judge assigned to the Superior Court.

after swerving out of his traffic lane and striking a concrete barrier. When the police stopped Slatoff, the odor of alcoholic beverage emanated from his breath, and he admitted to drinking alcohol and taking Xanax. Slatoff failed field sobriety tests, and a subsequent blood test revealed a blood alcohol content of 0.075%, as well as the presence of Xanax and THC from marijuana.[2]

At the crux of this appeal is Slatoff's motion to compel admission into the Accelerated Rehabilitative Disposition (ARD) Program[3] without the Commonwealth's required Drug Court[4] condition. Here, the Commonwealth

---

[2] Slatoff has a valid prescription for Xanax. Slatoff did not have a valid prescription for medical marijuana at the time of his traffic stop. In his Motion to Compel, Slatoff contends that he is now eligible for medical marijuana based on his diagnoses. *See* Motion to Compel, 4/11/2018, at 2. However, the record before us is devoid of any evidence suggesting that Slatoff had a valid prescription at the time of his arrest, or has a valid prescription for marijuana now.

[3] ARD is "a pre-trial disposition of certain cases, in which the attorney for the Commonwealth agrees to suspend prosecution for an agreed upon period of time in exchange for the defendant's successful participation in a rehabilitation program, the content of which is to be determined by the court and applicable statutes." *Commonwealth v. Lutz*, 495 A.2d 928, 931 (Pa. 1985).

[4] The Drug Court program is

> used as an alternative to the conventional criminal prosecution process in appropriate cases involving drug-related crimes, or where offenders are coping with a drug addiction, in order to achieve the twin goals of reducing the incidence of drug-related crimes, and preventing recidivism by offenders. Employing principles of "therapeutic jurisprudence," these courts combine

*(Footnote Continued Next Page)*

had not moved for Slatoff's admission into ARD because Slatoff refused to comply with the Drug Court condition. At the same time, the Commonwealth had not denied Slatoff admission either; it had merely placed conditions on his admission, with which Slatoff did not agree, prompting Slatoff to withdraw his application for ARD. Therefore, the matter was only before the trial court on Slatoff's motion to force the Commonwealth to admit him into ARD without the Drug Court condition. On appeal, the Commonwealth alleges the trial court erred in approving Slatoff for ARD without the prior approval from or motion of the Commonwealth. Commonwealth's Brief at 4, 9.

Given this procedural posture, I find the appropriate standard of review to be as follows. "As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary." **In re Wilson**, 879 A.2d 199, 214 (Pa. Super. 2005) (citation and footnotes omitted).

*(Footnote Continued)* ──────────────

    intensive judicial supervision, drug testing, and comprehensive treatment to assist offenders in overcoming the substance abuse problems that enmeshed them in the criminal justice system. In Pennsylvania, drug courts comprise an integral part of the Commonwealth's multi-faceted system of problem-solving courts, a program which th[e Supreme] Court has taken great pride in establishing and fostering.

**Office of Disciplinary Counsel v. Pozonsky**, 177 A.3d 830, 832–33 (Pa. 2018) (citations omitted).

An accused has no right to demand acceptance into the ARD program and cannot complain when he is precluded from participation. An ARD recommendation is solely the province of the prosecutor, and admission of an offender into the program is by the grace of the trial court upon the Commonwealth's motion. The attorney for the Commonwealth must be free to submit a case or not submit a case for ARD consideration based upon her or his view of what is most beneficial for society and the offender.

***Commonwealth v. Stranges***, 579 A.2d 930, 934 (Pa. Super. 1990) (*en banc*) (citations omitted).

It is well settled that [a] trial court may not object if the Commonwealth refuses to submit [for ARD] a case unless the district attorney has abused its discretion by refusing to submit an individual because of his race or religion or some other obviously prohibited consideration. **The [Supreme] Court held that a trial judge may not overrule the district attorney and force him to submit a case to ARD for any reason related to the protection of society or the likelihood of a successful rehabilitation.**

***Commonwealth v. Cline***, 800 A.2d 978, 982 (Pa. Super. 2002) (citation and quotation marks omitted; emphasis added). An abuse of discretion will only be found where the Commonwealth bases its decision on something "wholly, patently and without doubt **unrelated** to the protection of society and/or the likelihood of a person's success in rehabilitation[.]" ***Lutz***, 495 A.2d at 935 (emphasis in original).

In granting Slatoff's motion to compel his admission into ARD without the Drug Court condition, "the [trial] court found that the Commonwealth abused its discretion when it considered Slatoff's medical disabilities (or drug use as a symptom of his medical disabilities) as a factor when it assessed his

likelihood of rehabilitation." Trial Court Opinion, 7/10/2018, at 4. In its opinion, the trial court believes that weekly drug and alcohol counseling sessions accompanied by testing would be preferable to Drug Court because it accommodates the Commonwealth's concerns while not disrupting Slatoff's current medical treatment. *Id.* at 7.

On appeal, the Commonwealth argues that it did not abuse its discretion in conditioning Slatoff's admission into ARD on his participation in Drug Court.

> Based on [Slatoff's] repeated underage consumption of alcohol, [Slatoff's] use of alcohol and benzodiazepines combined with illicit marijuana use, and [Slatoff's] refusal to participate in the Drug Court program, the District Attorney did not believe, nor does it believe at this time, that he would be successfully rehabilitated by the ARD program. Additionally, the District Attorney believed [Slatoff's] failure to properly treat his substance use problem would pose a continued danger to society. This decision was not based on any prohibited reasons, such as race or religion, and was based solely on the likelihood of [Slatoff's] rehabilitation and the protection of society.

Commonwealth's Brief at 30-31 (footnote and unnecessary capitalization omitted).

My review of the record indicates that the Commonwealth's Drug Court condition on Slatoff's admission into ARD was reasonably related to the protection of society and the likelihood of his successful rehabilitation. Furthermore, while Slatoff's use of Xanax may be related to the treatment of his medical disability, his underage drinking, illegal use of marijuana, and choice to mix alcohol and marijuana with his prescribed Xanax, particularly

before driving a motor vehicle on a public roadway, are decidedly not. While Slatoff's doctors and the trial court may not believe that Drug Court, including a 24-hour detoxification period, was in Slatoff's best medical interest, it is clear that the Commonwealth did not exclude Slatoff from ARD because he had a disability or for any reason not reasonably related to the protection of society or the likelihood of Slatoff's successful rehabilitation. Instead, based on its review of the records before it, the Commonwealth imposed a condition, Drug Court, in an attempt to help Slatoff achieve sobriety. Taking into account his actions in the underlying DUI case, the imposition of this condition is reasonably related to the protection of society and the likelihood of a successful rehabilitation, even if the trial court believed a different course of action would be more successful. *See Cline*, 800 A.2d at 982 (citation and quotation marks omitted) (noting that "a trial judge may not overrule the district attorney and force him to submit a case to ARD for any reason related to the protection of society or the likelihood of a successful rehabilitation").

In other words, this Court does not review whether the Commonwealth's imposed ARD conditions constitute the best means of rehabilitation. This Court reviews whether the trial court erred in concluding that the Commonwealth abused its discretion. Accordingly, I conclude that the trial court erred when it substituted its judgment for that of the Commonwealth, and that the Commonwealth did not abuse its discretion in

conditioning Slatoff's admission into ARD on his participation in Drug Court because it was reasonably related to the protection of society and the likelihood of his successful rehabilitation.

I am cognizant of the Majority's concern that a 24-hour detoxification period and the dictates of Drug Court may not comport with Slatoff's current medical treatment. However, that does not mean Slatoff is automatically entitled to ARD with whatever conditions he or his doctors see fit. As noted *supra*, I do not find the Drug Court condition on ARD to be an abuse of discretion. Slatoff can choose to comply with the conditions required by the Commonwealth for ARD, or proceed to court on his charges, as do most defendants, while continuing his current medical regimen. That choice does not fall into the category of "other such obviously prohibited considerations" as posited by the Majority. Majority at 6, *quoting* **Commonwealth v. Fleming**, 955 A.2d 450, 451 (Pa Super. 2008). Rather, it is the consequence of Slatoff's charges and the Commonwealth's discretion in fashioning what it deemed an appropriate condition on hisj-s77045-18 acceptance into ARD instead of proceeding to trial.

Accordingly, I would reverse the trial court's order granting the motion to compel. **See Stranges**, 579 A.2d at 931 ("As there was no abuse of prosecutorial discretion, the trial court improperly granted the petition to compel ARD.").